[Civ. No. 2229.    First Appellate District.—December 17, 1917.]

## ADDIE STODDARD et al., Appellants, v. E. A. FISKE et al., Respondents.

NEGLIGENCE—AUTOMOBILE COLLISION WITH PEDESTRIAN—RELATIONSHIP OF PARTIES.—In an action for injuries sustained by a pedestrian from being run into by an automobile, while one of the three original occupants of the car was returning from a police station, where he had gone to secure the release on bail of the driver of the car, who had been arrested and detained for speeding, the arrested driver cannot be held liable for the negligence of the occupant causing the injury, in the absence of any relationship between the occupant and the driver, other than friendship.

ID.—EVIDENCE—PRIOR EMPLOYMENT.—Where the liability of the original driver of the car for the injury to plaintiff was based solely upon a certain conversation between the driver and the occupant, who caused the injury, a question as to whether prior to that conversation the relation of employer or employee, or of principal and agent, had existed between them was not objectionable as calling for the conclusion of the witness, since the question of prior employment was immaterial.

APPEAL from a portion of a judgment of the Superior Court of the City and County of San Francisco. Geo. A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Elmer Westlake, and Louis V. Crowley, for Appellants.

Louis H. Ward, and Ira S. Lillick, for Respondents.

RICHARDS, J.—In an action brought by the plaintiffs, husband and wife, against the defendants for damages for personal injuries suffered by the wife, they recovered judgment against the defendant Fiske, but as to defendant Nixon judgment was rendered in his favor and against the plaintiffs. From that part of the judgment in favor of Nixon and against themselves the plaintiffs prosecute this appeal.

The facts of the case are substantially these: Some time in the month of September, 1913, three gentlemen, two of whom were Fiske and Nixon, the defendants in this action, were standing in front of the St. Francis Hotel with another gentleman, Mr. Travers, who was the president of the Taxicab Company of California at that time—a company which operated several automobiles in that region. One of the machines of that company was devoted to the personal use of its president and was standing in the street near the hotel. These three gentlemen were friends of Mr. Travers, apparently, and while they were standing there he asked them if they wished to take a ride. Evidently they did, and he told them, pointing to his machine, that it was at their disposal. Apparently he knew them well enough to know that both of these defendants knew how to operate the automobile, and his remarks were addressed not to any one of them but to all three of them. They all proceeded to the car, and Mr. Nixon, for the time being, took the wheel and drove the car. While they were riding about the city the party was stopped by a policeman, and Nixon, the driver of the car, was arrested for speeding, and the party taken to the Bush Street police station. Nixon offered to give the arresting officer $20 for bail in order to secure his release, but the arresting officer informed him that he could not take the money or could not release him, and that he must go to the Central station and make his deposit there in order to obtain his release. He declined to allow Nixon, however, to go there alone for that purpose, whereupon Fiske offered, or Nixon requested him— it is immaterial which—to go there, and accordingly he took the automobile and went. While he was returning from his errand, having secured the order for the release of Nixon, he

ran into and injured Mrs. Stoddard, one of the plaintiffs in this case, Nixon at that time not being in the car but being at the Bush Street police station awaiting the return of his friend. This action was brought, as we have said, by the plaintiffs to recover damages for the injuries suffered by Mrs. Stoddard in said collision. A motion for nonsuit in behalf of Nixon was made at the close of plaintiffs' case, which was denied, but at the conclusion of the entire testimony a motion was made for a directed verdict in favor of said defendant, and that motion the court, with all of the evidence in the case before it, granted, and directed a verdict in favor of Nixon. It is from that order and from the judgment in his favor thereupon made that the plaintiffs appeal, claiming that they were entitled to a verdict against Nixon, and that the court erred in taking the case in that manner from the jury.

There are two points made in the case—first, that the court erred in directing the finding of a verdict in favor of Nixon; and, second, that the court committed error in permitting the defendant Fiske to testify in response to questions that the relationship of employer and employee, or of principal and agent, did not exist between himself and Nixon at any time prior to the conversation at the Bush Street police station already referred to.

As to the first of these points it is the appellant's contention that Fiske having undertaken the errand for the benefit of Nixon, either at his request or with his acquiescence, is to be considered the agent of Nixon, with the latter's resulting liability for the negligence of Fiske in the carrying out of his agency. Under the circumstances as detailed above we cannot agree that the legal situation contended for arose. There was no evidence of any employment of Fiske by Nixon, but it is clear that the latter undertook what he did in order to be of assistance to Nixon in his difficulty and as an act of friendship from one man to another. The doctrine of *respondeat superior* sought here to be invoked by the appellants must necessarily be based upon a relationship between two parties by which one has the legal right to direct the activities of the other and the latter the legal duty to submit to such direction. Such a relationship did not exist in the case at bar. If Fiske, after undertaking his mission, had abandoned it and left his friend in the lurch, he would have been guilty of no breach of legal duty although undoubtedly guilty of a

35 Cal. App.—39

most reprehensible breach of moral duty. In this case there was no such relation as that of master and servant, of principal and agent, or employer and employee. In the performance of his errand Fiske was at liberty to proceed to its performance in any way he chose and was not amenable to the direction of Nixon. The latter, therefore, is not liable for the negligent act of Fiske in its performance; and the authorities cited by appellants sustaining the principle they contend for have no application to the facts of this case. On the other hand, the following authorities support the principle just stated: *Kolnitsky* v. *Matthews,* 64 Misc. Rep. 167, [118 N. Y. Supp. 367]; *Fay* v. *German V. Soc.,* 163 Cal. 118, [124 Pac. 844]; *Cotter* v. *Lindgren,* 106 Cal. 602, [46 Am. St. Rep. 255, 39 Pac. 950]; *Smith* v. *Belshaw,* 89 Cal. 427, 431, [26 Pac. 834]; *City of Chicago* v. *Gathman,* 236 Ill. 9, [15 Ann. Cas. 830, 19 L. R. A. (N. S.) 1178, 86 N. E. 152]; *Messmer* v. *Bell & Coggshall Co.,* 133 Ky. 19, [19 Ann. Cas. 1, 117 S. W. 346]; *Brady* v. *Chicago & G. W. Ry. Co.,* 114 Fed. 100, [57 L. R. A. 712, 52 C. C. A. 48]: *Atwood* v. *Chicago etc. Ry. Co.,* 72 Fed. 447; *Singer Mfg. Co.* v. *Rahn,* 132 U. S. 518, [33 L. Ed. 440, 10 Sup. Ct. Rep. 175].

It is also urged by the appellants that the court erred in permitting certain questions to be answered by the defendant Fiske while a. witness. One of them was: "Before this incident on this particular day had the relation of employer and employee, or principal and agent, ever existed between you and Mr. Nixon?" This question was objected to by the appellants on the ground that it called for a conclusion of the witness. The objection was overruled, and the witness answered: "Absolutely nothing." This question was asked by the court; and apparently not satisfied with its precise wording the court then put to the witness the following: "Q. I say, before the conversation at the Bush Street station, has the relation of employer and employee, or principal and agent, ever existed between you and Mr. Nixon?" This question encountered the same objection, that it called for a conclusion of the witness; and the objection being overruled, the witness answered, "No, sir."

In between these two questions defendants' counsel put a similar one, as follows: "Before this accident, Mr. Fiske, before this accident and at the time of the accident, had Mr. Nixon employed you to do anything for him?" This ques-

tion was objected to as calling for the witness' conclusion. It remained unanswered, but the court, in adverting to it and in explanation of its own questions and to the limit of time to which they were pointed, made this statement: "As to your question, Mr. Lillick [defendants' counsel], I think it ought to be before that conversation. In other words, as I have previously ruled, whatever the relationship existing between these two defendants was on that day grew out of that conversation, or rather, as shown by what happened at the Bush Street station, both you gentlemen should ask for the conversation."

While it has been held that the bald statement by a witness that he was employed by a certain person or corporation may be a mere conclusion, it is also the rule that to permit the introduction of such evidence will not be held to be prejudicial error unless the question of employment is the material fact in issue and under investigation. Thus, in the case of *Winslow* v. *Glendale Light & Power Co.*, 164 Cal. 688, [130 Pac. 427]—a case cited by appellants in support of their contention—while it was held to be error to permit a witness to testify that he was "working for the Glendale Light & Power Company" where it appeared that this statement was merely the witness' conclusion, it was only so held because the very question in litigation was whether the work upon which the witness was employed as one of a crew of workmen was being done by the company named or by another person as an independent contractor. In such a case, says the learned author of the opinion, "the rule limits the testimony of the witness to a statement of the person by whom he was employed, the nature, terms, and surrounding circumstances of his employment. From these, with such other evidence as the case presents, must be drawn the conclusion as to who in fact was the respondent's employer." But in the same case it is also said: "In many instances, as where the agency or the ownership of the property is not in issue, it is permissible, for the purpose of curtailing the inquiry, to allow questions to be asked and answered, which questions and answers would be to the last degree improper were issue joined upon the question of agency or ownership. Instances come readily to the mind, and, indeed, in the courts are of daily or even hourly occurrence. If the ownership of a piece of land is not in issue, it is not objectionable to ask the witness who owns that

land.  If the agency or employment is not in question, it is equally permissible to ask the witness whose agent he was, or for whom he was working.  It is but a time-saving method of presenting the truth upon a matter not controverted.''

In the case at bar the foregoing questions asked of the witness were not objectionable as calling for a conclusion.  · They were directed to a time prior to Fiske's undertaking the mission in the course of which the accident occurred, and called merely for information on the point as to whether any employment of any kind had ever up to that time existed— clearly under the circumstances an ultimate fact.  The plaintiff had raised no issue of prior employment, but relied for the establishment of any relationship of principal and agent between Nixon and Fiske solely upon the episode between them at the Bush Street station.  The question of prior employment was, moreover, an immaterial one; and when it came to the proof of the conversation which resulted in Fiske undertaking his errand for Nixon, counsel were confined to the strict rule of proof; and the appellants were given full opportunity to show by further questioning of the witness if the fact of prior employment existed.  Under the circumstances of this case we are clearly of the opinion that the questions were not objectionable on the ground urged.   .

For the reasons given the portion of the judgment appealed from is affirmed.

Lennon, P. J., and Kerrigan, J., concurred.