[Civ. No. 3750. First Appellate District, Division One.—December 2, 1921.]

FRANK L. HILL et al., Respondents, v. ACHILLE JACQUEMART et al., Appellants.

[1] MOTOR VEHICLE ACT—RIGHT OF WAY AT INTERSECTION.—Under the Motor Vehicle Act (Stats. 1919, subd. F, sec. 20, p. 205), the operator of a vehicle having the right of way upon entering an intersection of streets does not continue to have it until he has passed out of the intersection notwithstanding a complete change of course of his vehicle.

[2] NEGLIGENCE—OPERATION OF AUTOMOBILE—ACT OF WIFE—LIABILITY OF HUSBAND.—A husband is not responsible for the negligence of his wife in the operation of an automobile by reason of the fact that the machine was owned by him and was driven by her with his knowledge and consent, and was kept and maintained by him for the use, comfort, and enjoyment of his family.

APPEAL from a judgment of the Superior Court of Alameda County. Everett J. Brown, Judge. Affirmed and reversed.

The facts are stated in the opinion of the court.

Redman & Alexander for Appellants.

Ostrander & Carey for Respondents.

TYLER, P. J.—This is an action to recover damages for injuries sustained to person and property as the result of a collision between two automobiles and between one of them and a telephone pole immediately thereafter. Judgment went for plaintiffs against both defendants and the appeal is from such judgment.

The accident occurred at the intersection of Russell Street and College Avenue, in Berkeley. The first-named street

2. Liability where automobile is being used by a member of owner's family, notes, Ann. Cas. 1917E, 228; 41 L. R. A. (N. S.) 775; 50 L. R. A. (N. S.) 59; L. R. A. 1916F, 223; L. R. A. 1917F, 365; L. R. A. 1918F, 297.

Liability of owner under "family purpose" doctrine, for injuries by automobile while being used by member of his family, notes, 5 A. L. R. 226; 10 A. L. R. 1449; 14 A. L. R. 1087.

runs approximately east and west and the latter north and south. Plaintiff Nellie P. Hill was driving a Dodge automobile in an easterly direction along the southerly side of Russell Street, and at the same time defendant Mrs. Achille Jacquemart was driving a Franklin sedan in a northerly direction along the easterly side of College Avenue, both being headed toward the intersection of the two named streets. It was Mrs. Hill's intention on reaching the intersection to turn to her right and proceed southerly along College Avenue. It was Mrs. Jacquemart's purpose upon reaching said intersection to turn completely around thereon and to stop in front of a garage situated on the westerly side of College Avenue a short distance south of the intersection. Both vehicles were being driven at a lawful rate of speed, not exceeding fifteen miles an hour. Mrs. Jaquemart entered said intersection and proceeded to circle the central point thereof. Mrs. Hill did not observe the maneuver until the Franklin car was about its length from her and heading in a southwesterly direction, and Mrs. Jacquemart did not observe the Dodge automobile until the two cars were about four feet apart. As Mrs. Jacquemart was making this turn she observed a third automobile approaching rapidly from the north, and for a moment was uncertain whether said automobile would continue along the westerly side of College Avenue on which it was traveling or swing over to the easterly side of said street, which it finally did, and thereupon Mrs. Jacquemart proceeded to complete her turn. It was at this moment that she first observed the Dodge automobile turning southerly on said interesction about four feet away, and she applied her brake for the purpose of preventing a collision. She did not succeed in doing so, and the end of the bumper on the right-hand side of her automobile came in contact with the left rear fender of the car driven by Mrs. Hill, which at this moment was headed in a southeasterly direction a few feet from the curb on the southwest corner of said streets. Seventy-six feet south of the southerly curb on Russell Street there was a telephone pole situated between the curb on College Avenue and the cement portion of the sidewalk; and immediately after the collision the speed of the Dodge automobile noticeably increased, and thereupon it was turned toward the curb on the westerly side of College Avenue, and about midway

between the point of said collision and the telephone pole its right wheels rode upon and over said curb, and the automobile continued astride of the curb until it struck the pole. Immediately thereafter Mrs. Jacquemart stated to Mrs. Hill that she, Mrs. Jacquemart, had tried to stop, but that she could not as her foot slipped off the brake, and that she herself was to blame. It was this second collision which caused most of the damage suffered.

[1] It is claimed by appellants that Mrs. Jacquemart, having originally had the right of way as the two cars approached the intersection of the main streets, she being nearer thereto than Mrs. Hill, never lost it, and was therefore entitled to the right of way while circling the central point of such intersection, and that the accident was due to the negligence of Mrs. Hill in entering this position while Mrs. Jacquemart was upon it; that in so doing she violated the provision of the Motor Vehicle Act governing the question of right of way at intersecting points. The provision referred to reads as follows: "Except where controlled by such traffic ordinances or regulations as are permitted under this Act, the operator of a vehicle shall yield the right of way at the intersection of their paths to a vehicle approaching from the right, unless such vehicle approaching from the right is further from the point of intersection of their paths than such first named vehicle." (Stats. 1919, subd. F, sec. 20, p. 215.) We do not think the provision invoked warrants or supports the claimed construction. If the driver of the Franklin car was nearer to the intersection, it may be considered that she had the right of way as between her and the driver of the Dodge car, provided she desired to proceed northerly across the intersection; but it certainly would be a strained and unreasonable construction of the law to hold that a person having the right of way upon entering an intersection continues to have it until he has passed out of the intersection notwithstanding a complete change of course of his vehicle. It is obvious in the present case that when Mrs. Jacquemart had so far completed her turn upon the intersection that she was to the left of the vehicle of Mrs. Hill, she no longer had the right of way, and that such right had then passed to Mrs. Hill. The construction contended for would not diminish but rather increase congestion in traffic, one of the objects which the

statute was designed to prevent. One exercising a right of way under the circumstances here involved has several courses open to him to pursue. As suggested by counsel, he might turn to the right, proceed straight across, or turn to the left and proceed westerly, or he may make a complete turn. It is obvious, considering the width of some of our streets in the outlying districts, that the claimed construction would add to rather than diminish, congestion in traffic. Aside from these considerations, if the legislature had intended any such right it would have been a very simple matter for it to have said so.

The contention is also made by the appellants that the momentary contact of the two cars resulting from the negligence, if any, of Mrs. Jacquemart was not the proximate cause of the damage resulting from the more violent collision between plaintiff's automobile and the telephone pole. The proximate cause of an injury is the efficient cause; the one that necessarily starts the other causes in motion; the moving influence. (*Smith* v. *Los Angeles Ry. Co.*, 98 Cal. 210 [33 Pac. 53]; *Merrill* v. *Los Angeles Gas & Electric Co.*, 158 Cal. 499 [139 Am. St. Rep. 134, 31 L. R. A. (N. S.) 559, 111 Pac. 534].) Here the proximate cause of the injury was the collision occasioned by the negligence of Mrs. Jacquemart running her automobile into that of Mrs. Hill. Without this collision the impact of the telephone pole happening immediately thereafter would not have occurred. It would be difficult to arrive at the conclusion that there was any intervening negligence on the part of the driver of the Hill car, which had been struck and deflected from its course by the impact of defendants' automobile, with the consequent natural perturbation of mind of the driver of the car so struck, because within a second or two thereafter she had not regained complete control. The finding of the trial court that the negligence which produced the first collision was the proximate cause of the damage will not be disturbed by this court.

[2] The judgment, in so far as it affects Achille Jacquemart, cannot, however, be sustained. The theory upon which the trial court held him to be also liable for the plaintiff's injuries is that of responsibility for the negligence of Mrs. Jacquemart by reason of the fact that the automobile driven by her was owned by him, and was driven

by her with his knowledge and consent, and was kept and maintained by him for the use, comfort, and enjoyment of his family, these circumstances in some cases having been held sufficient to constitute a member of the family undertaking to use and drive the car an agent of the husband or owner in so doing. But this basis of liability was negatived in the recent case of *Spence* v. *Fisher,* 184 Cal. 209 [14 A. L. R. 1083 [193 Pac. 255].

It follows from what we have said that the judment against Mrs. Jacquemart must be affirmed and that against Achille Jacquemart must be reversed, and it is so ordered.

Kerrigan, J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 30, 1922.

All the Justices concurred.