[S. F. No. 10222. In Bank.—January 31, 1923.]

HENRIETTA JACOBUS et al., Executors, etc., Respondents, v. JOSEPH BRERO et al., Defendants; EUGENE BRERO, Appellant.

[1] NEGLIGENCE—AUTOMOBILE COLLISION—IDENTITY OF CAR—EVIDENCE. In an action against two brothers to recover damages suffered as a result of being struck and knocked down by an automobile while crossing a street, testimony of a witness that the appealing brother admitted that the car which struck the plaintiff was that driven by his brother was sufficient to justify a finding to such effect.

[2] ID.—STATUS OF DRIVER—RATE OF SPEED—EVIDENCE.—In this action against two brothers to recover for injuries suffered as a result of being struck and knocked down by an automobile, the evidence justified the conclusion that the brother who was driving the car was acting as the agent of the appellant, and also that the machine was traveling at an excessive rate of speed.

[3] ID.—NEGLIGENT RATE OF SPEED—QUESTION OF FACT.—The question of whether or not the machine was operated at a negligent rate of speed was one for the trial court to determine under all the circumstances and the finding upon that subject is conclusive, where there is any evidence to support it.

[4] ID.—LACK OF CONTRIBUTORY NEGLIGENCE — EVIDENCE.—In this action, the court was justified under the evidence in finding that the plaintiff was not negligent.

APPEAL from a judgment of the Superior Court of San Mateo County. George H. Buck, Judge. Affirmed.

The facts are stated in the opinion of the court.

Cooley, Crowley & Lachmund for Appellant.

John D. Willard and John W. Coleberd for Respondents.

WILBUR, C. J.—While crossing the state highway in. Redwood City, California, the plaintiff, Caroline Heiner, was struck and knocked down by an automobile. She brought this action against the defendants, who are brothers, to recover the damages suffered by her and judgment was rendered against both the defendants. Eugene Brero alone appealed. [1] The appellant contends that the evidence is insufficient to justify the finding that the car which struck the plaintiff was the one driven by his brother Joseph. It is a sufficient answer to this contention to say that a witness testified that the appellant admitted that the car which struck the plaintiff was that driven by his brother.

[2] It is next contended that the defendant Joseph Brero was not acting as the agent of the appellant in driving the car. The claim is that the defendants were engaged in a joint enterprise of conveying a party of friends to Alma on a family picnic. The appellant owned both machines, the guests were his and the evidence justified the conclusion that the defendant Joseph was driving the car for his brother, the appellant.

It is contended that the evidence is insufficient to justify the finding that the defendant Joseph was negligent in the operation of his car. There was sufficient evidence, if believed by the court, to justify the conclusion that the machines were traveling at an excessive rate of speed. [3] The question of whether or not the machine was operated at a negligent rate of speed was one for the trial court to determine under all the circumstances and the finding of the trial court upon that subject is conclusive upon us, where there is any evidence to support it.

[4] It is contended that the plaintiff was guilty of contributory negligence as a matter of law. In that regard she testified as follows: "On the evening of the accident I went from my home to my son's house and he was not home, and his wife and I went from there down the sidewalk on the west side of the road until I came opposite the Chilcott

place and then I crossed over. I got off the sidewalk curb to be certain that there were no automobiles coming that could hurt me, and went past, and I stood there and I saw three lights away down south and I thought, now I can make it, and I hurried over as I had done often and I watched and I found that he came at a terrible speed, but I got over on the further part of the road so I felt now I am safe—they will go in back of me, but as I·came to the part between the black part and the sidewalk they were right down on me, and I thought 'My God,' and I took a step or two and it hit me on my hip and threw me and knocked me out completc'y. That is all I know. . . . When I refer to the part of the highway not the black part I mean the macadam where the dirt and gravel is. When I was struck I was in the middle from the black part and to the sidewalk because when I stepped off the black part I knew they were coming, but I thought I was safe—they will go in back of me.'' Under this evidence the court was justified in finding that the plaintiff was not negligent.

Judgment affirmed.

Lennon, J., Seawell, J., Waste, J., Myers, J., Kerrigan, J., and Lawlor, J., concurred.