[Civ. No. 7226.   First Appellate District, Division Two.—November 28, 1930.]

FRANK COSSI, Appellant, v. SOUTHERN PACIFIC COMPANY (a Corporation) et al., Respondents.

Bohnett, Hill & Campbell and L. H. Schellbach for Appellant.

W. H. Stammer for Respondents.

DOOLING, J., *pro tem.*—In this action by a father for the death of his ten year old son the jury brought in a verdict for the plaintiff for one dollar. Plaintiff made a motion for new trial, which was denied, and now prosecutes this appeal from the judgment.

On November 11, 1927, mother and son were both killed when an automobile driven by the mother was struck by a railroad train operated by respondents.

In order to pass intelligently upon appellant's claim that the damages allowed are clearly inadequate under the evidence it is necessary to sketch briefly the fact picture that was before the trial court and jury. Largely from appellant's own testimony it appears that some time in 1925 his wife, who was the mother of his three children, departed from appellant's home in San Jose, leaving the three children with him. Appellant commenced an action for divorce in which he asked for the custody of the children. This action was never carried beyond the point of filing the complaint. Sometime in May or June, 1926, appellant's wife returned to his home for about three weeks, and at the end of that time again departed and took the three children with her. This, he testified, was without his consent. From that time until November, 1927, when the boy was killed, appellant saw his family only once. This was some time in 1927 in Sacramento. At this time appellant gave the mother and son each some money, amount not stated. The mother promised to come home some time before Christmas and appellant went back to San Jose and rented a house in which to receive them. During the year and a half that they were away from him the mother supported the children with the aid of what little money the children themselves earned.

█ The measure of damages in death cases is the pecuniary loss which the circumstances of the particular case establish with reasonable certainty will be suffered by the beneficiary of the statute because of the death of the victim. (*Bond* v. *United Railroads,* 159 Cal. 270, 277 [Ann. Cas. 1912C, 50, 48 L. R. A. (N. S.) 687, 113 Pac. 366].)

█ We must assume on appeal that the jury in arriving at its verdict determined that the evidence did not establish with reasonable certainty that any pecuniary damage would be suffered by appellant from the death of his son, and that on the motion for new trial the trial court concluded that the evidence was sufficient to support this determination of the jury. We cannot hold under the evidence above summarized that this was error. █ It was incumbent upon appellant to prove by a preponderance of the evidence that pecuniary injury was reasonably certain to be suffered by him from the death of his child. The jury may well have concluded from the facts before them that

father and son were so little interested in one another that there was no reasonable certainty that the continued life of the son would be of any pecuniary value to the father. (*Dean* v. *Oregon R. & N. Co.,* 38 Wash. 565 [80 Pac. 842].)

■ Appellant complains of certain instructions that if the jury found that the mother was negligent and that the mother's negligence proximately contributed to the death of the son appellant could not recover. Appellant claims that the rule of *Keena* v. *United Railroads,* 57 Cal. App. 124 [207 Pac. 35], does not apply because the mother took the son without the father's consent. The father's testimony that he saw the family in 1927 in Sacramento, at which time the mother agreed to come home before Christmas, disposes of this contention. Whatever may have been the situation theretofore, it appears that from that time forth the mother's custody of the children was with the consent of appellant. The conduct of the son and the question of whether or not he was *sui juris* do not properly enter into this case. If the mother was negligent and thereby injured the child the father's recovery is barred because she represented the community. The legal situation is no different than it would have been had the mother or the father negligently run over and killed the son.

■ It was proper to instruct the jury that they should take into consideration the fact that plaintiff was legally bound to provide for, maintain, clothe and educate his child through minority. (*Metcalf* v. *Romano,* 83 Cal. App. 508, 515 [257 Pac. 114].) The jury, in our opinion, could not have been misled in view of the instructions as a whole by the addition of the words to this instruction "and that during such minority the child would have been a source of expense to the plaintiff". These words followed and were limited by the preceding portion of the instruction so that the jury must have understood them to mean that to the extent that plaintiff was legally bound to support and provide for his child during minority the child would be a source of expense. The instruction was inartificially drawn and it would have been better had the language complained of been omitted, but we do not believe that the jury could have misinterpreted it.

Judgment affirmed.

Nourse, P. J., and Sturtevant, J., concurred.