[Civ. No. 11060.  Second Appellate District, Division Two.—September 28, 1936.]

MARGARET DuBOIS, Respondent, v. MILDRED OWEN et al., Appellants.

Lasher B. Gallagher and Francis J. Gabel for Appellants.

Richard H. Cantillon and G. Bentley Ryan for Respondent.

GOULD, J., *pro tem.*—Plaintiff was a guest of defendants upon an extended automobile trip. While traveling in Arizona July 13, 1935, with defendant Mildred Owen driving, her husband, defendant Harvey Owen, asleep in the back seat and plaintiff dozing in the front seat, a tire blew

out, the car careened from the highway and turned over in a ditch. Upon trial before a jury plaintiff was awarded damages of $5,000 for the injuries suffered by her in the accident, the judgment running against both defendants, who prosecute this appeal.

As preliminary to a discussion of the points raised by appellants it is to be noted that there was at the time of the accident no speed limit in miles per hour in the state of Arizona. Neither did the Arizona law limit the recovery of a guest to those cases where injury or death proximately resulted from the intoxication or wilful misconduct of the driver, as is the case in California. Ordinary negligence of the driver was sufficient, if proved, to make such driver liable for damages for injury to a guest proximately caused by such negligence. The court herein properly took cognizance of the Arizona law in effect at the time and place of the accident and instructed the jury in accordance therewith.

Testimony in the case was that the car at and immediately prior to the accident was being driven at a speed of about 70 miles an hour. ▮ Appellants argued that a verdict which necessarily implies the negligence of defendant driver is unsupported by sufficient evidence because no proof was offered showing the standard of speed at which Arizona drivers in general ordinarily operate their automobiles. The operation of a car at a speed of 70 miles per hour cannot be said to be a negligent act, appellants insist, unless it be shown that it is in excess of the speed at which prudent drivers in Arizona are accustomed to drive. The argument is ingenious but without merit. Different legal regulations may exist in the state of Arizona and California as to the speed at which automobiles may be driven, but automobiles are the same and drivers are the same in both states. A California jury does not need to hear evidence as to the speed customs or habits of Arizona drivers, and such evidence would be of no assistance in determining the problem before the jury as to whether or not the driver in this case was negligent. The court properly instructed the jury as to the Arizona law and gave customary instructions upon the subject of the degree of care and prudence such as would be exercised by an ordinarily prudent person under the circumstances disclosed in this case.

█ Appellants also urge that they should be absolved from liability because the accident, happening upon a highway of ample width, without traffic obstruction and in broad daylight, was obviously an unavoidable one for which the driver was not responsible and due solely to the blowing out of a tire. Upon this point also the jurors were fully instructed. They were told that the guest must accept the risk of an injury occurring as the sole proximate result of any mechanical defect unknown to the driver, that the driver was not liable for unavoidable accidents, and other appropriate instructions upon related lines. All the facts of the case, however, were before the jurors, and it was their province to determine whether under all the circumstances the driver of the car was operating it negligently. They reached the conclusion that she was chargeable with negligence and that such negligence was the proximate cause of respondent's injuries. It is primary law that it is not the province of an appellate court to disturb such finding.

█ Appellants' argument that a high rate of speed alone cannot of itself constitute negligence is not persuasive. Many other facts involved in the case were presented to the jurors—the type of car, the nature of the highway, its proximity to the ditch into which the car catapulted and many other circumstances. It was in evidence that respondent had once ineffectually protested against the high speed of 70 miles an hour at which the car was being driven. And it may be noted that this court in the recent case of *Parsons* v. *Fuller,* █(Cal. App.) 60 Pac. (2d) 549, in which an automobile was being driven at the rate of 65 miles an hour, upheld the lower court's ruling that such speed under the circumstances of that case constituted wilful misconduct, using this significant language: "To us it seems clear that one who, while driving an automobile, knowingly flirts with danger and, without necessity or emergency compelling him, 'takes a chance' on killing or injuring himself and others who may be so unfortunate as to be riding with him, is guilty of wilful misconduct."

Appellants cite instances in which it is claimed erroneous instructions were given or in which requested instructions were refused. We have examined the record with care in that regard and find no merit in the contentions. The charge to the jury was complete and explicit and fairly covered the legal points involved.

Complaint is made that the judgment runs not only against Mildred Owen as driver of the car but also against her husband, Harvey Owen. Merely from the fact that the latter was asleep in the back seat of the car at the time of the accident, it cannot plausibly be argued that he was not in control of the automobile and therefore not responsible. He was the owner of the car, he had joined in the invitation to respondent to be the guest of himself and wife on the trip, and while he was not actually directing the operation of the car at the moment of the accident, he had requested his wife that morning to drive while he slept. Proof of ownership of the car and that it was being used at the time of the accident under permission of the owner establishes a *prima facie* case of responsibility for the resulting injuries as against such owner. (*Rapolla v. Goulart,* 105 Cal. App. 417 [287 Pac. 562] ; Sherman and Redfield on Negligence, 6th ed., vol. I, par. 158.)

Judgment affirmed.

Crail, P. J., and Wood, J., concurred.