[Civ. No. 11842. Second Appellate District, Division One.—October 3, 1939.]

CARMEN NAVARRO et al., Appellants, v. ESTHER SOMERFELD, Respondent.

36

Mark F. Jones and W. L. Engelhardt for Appellants.

Gibson, Dunn & Crutcher and Philip C. Sterry for Respondent.

DORAN, J.—This is an appeal from a judgment entered on the verdict of the jury in favor of defendant, in an action to recover damages alleged to have been sustained by plaintiffs as the result of a collision of two automobiles which occurred on April 7, 1937, at West Silver Lake Drive in Los Angeles, a street which extends in a northerly and southerly direction.

The two plaintiffs, Edelmira Navarro and Carmen Navarro, her mother, were riding in a car which belonged to the plaintiff Gilbert Navarro, the brother of Edelmira. Carmen Navarro, the mother, had requested the daughter to take her to visit some friends, the mother being unable to drive. At the time of the accident, plaintiffs were driving in a southerly direction on West Silver Lake Drive. The defendant, Dr. Esther Somerfeld (Ziskind), whose residence was on the west side of the street, was likewise driving her car in a southerly direction, and, when she had reached a point opposite the driveway leading to her garage, made a right-hand turn for the purpose of entering the garage. The car in which plaintiffs were riding struck the right side of defendant's car.

Plaintiff Edelmira Navarro testified, in substance, that her mother "wanted to go visiting" (some friends of the mother) "and naturally I had to drive"; that she knew where she was going as she had been to the place before, and it was therefore unnecessary for the mother to direct her; that as she was traveling south on West Silver Lake Drive a car passed her about 150 feet from the point of collision; that when her car was about 20 or 25 feet in the rear, the other car slowed down and made a right-hand turn into a driveway; that there were no cars coming north at the time; that when she

saw the car making the right-hand turn she blew her horn to warn her and then "put my foot brake on as far as it would go, then reached for my emergency, because she wouldn't stop". Upon cross-examination, plaintiff stated that although she was 20 or 25 feet in the rear, she had made no attempt to swing out behind the other car as she was "quite close", and that she had continued to drive straight south.

Defendant testified, in answer to the question upon cross-examination: "Did you pass another car in the block north of your house before you made your turn?" that she did not remember having done so. She also testified that before she started to make the turn she stopped the car and put her arm up as a signal for the right-hand turn and started the car in low gear toward her driveway, and that she had gone approximately 5 to 8 feet when there was a collision.

▋ Appellant contends that the "court erred in instructing the jury that if Carmen Navarro requested Edelmira Navarro to drive her in the automobile, Edelmira Navarro became the agent of plaintiff, Carmen Navarro".

The two instructions, of which appellant complains, read as follows:

### "No. 6.

"If, however, you find from the evidence in this case that plaintiff Mrs. Carmen Navarro requested her daughter Edelmira Navarro to drive her in the automobile in which she was riding for the purpose of visiting friends, then the court instructs you that in driving Mrs. Carmen Navarro the plaintiff Edelmira Navarro was acting as her agent."

### "No. 7.

"If you find that at the time of the happening of the accident the plaintiff Edelmira Navarro in driving the automobile in which Mrs. Carmen Navarro was riding was acting as the agent of Mrs. Carmen Navarro, then the court charges you that the negligence, if any, of said Edelmira Navarro in the operation of said automobile would be imputed to the plaintiff Mrs. Carmen Navarro and if you believe from the evidence in the case and under the instructions given you that Edelmira Navarro was guilty of negligence in the operation of said automobile and that such negligence, if any, proximately contributed to the collision in the slightest degree or in any manner whatsoever, then such negligence would prevent a recovery by the plaintiffs Carmen Navarro and Edelmira Na-

varro and you should return your verdict against them and in favor of the defendant as against both of them.''

With regard to the instructions just quoted, appellant argues that there is nothing in the record to justify any instruction upon the subject of the negligence of the daughter being imputed to the mother.

Appellant further contends that ''the court erred in instructing the jury that the negligence of the plaintiff would bar recovery if the same contributed to the injuries in the slightest degree or in any manner whatsoever''. In this regard appellant argues that ''Negligence of the plaintiff, in order to bar recovery, must be a proximate cause of the injury. That is to say, as expressed by some of the courts, it must be such that without it the injury would not have occurred. The courts have repeatedly stated that if the negligence of the plaintiff only remotely contributed to the injury as distinguished from proximately contributing, it does not bar recovery. They have also repeatedly held that the term 'proximately contributing' means that the negligence must contribute to that degree that without it the injury would not have resulted.''

It should be noted, however, that the court instructed the jury as to the meaning of ''proximate cause'' and also further instructed the jury, with regard to contributory negligence, that, ''To be of any consequence in such action, it (contributory negligence) must have proximately contributed to the happening of the accident and hence to any injury received therein.''

From a review of the entire record and, in particular, from an examination of all of the instructions, it cannot be said that the jury was misled by the alleged faulty instructions which appellants contend were prejudicial.

The theory of agency, in connection with which the court instructed the jury, was warranted by the evidence (*Gates* v. *Pendleton,* 184 Cal. 797 [195 Pac. 664] ; *Maberto* v. *Wolfe,* 106 Cal. App. 202 [289 Pac. 218] ; *Jacobus* v. *Brero,* 190 Cal. 374 [212 Pac. 617] ) ; and the instructions given on the subject were adequate.

There being no prejudicial error in the record, the judgment is affirmed.

York, P. J., and White, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 30, 1939. Carter, J., and Gibson, J., voted for a hearing.