[S. F. No. 18460. In Bank. Oct. 9, 1952.]

ANITA FLORES et al., Plaintiffs and Appellants, v. ERNEST W. BROWN et al., Defendants and Appellants.

MARIA ZAVALA, Plaintiff and Appellant, v. ERNEST W. BROWN et al., Defendants; JACK R. MURRAY, Appellant.

James F. Boccardo, David S. Lull and Edward J. Niland for Plaintiffs and Appellants.

Dana, Bledsoe & Smith and Morton B. Jackson for Defendants and Appellants.

TRAYNOR, J.—On Sunday night, September 7, 1947, on Highway 101 near Madrone, an automobile driven by Herman Flores was struck by a tractor-trailer driven by defendant Brown. Brown owned the tractor, but the trailer was owner by defendant Murray. With Mr. Flores in the front seat of the automobile was his wife, who was holding a baby; in the back, which had been converted into a small truck bed, were their son Felipe (19 years of age), their daughter Anita (14 years of age), and a friend, Nellie Zavala (17 years of age). Mr. Flores, Felipe, and Nellie Zavala were killed; Mrs. Flores and Anita were injured.

As a result of the accident, five actions were filed against Brown and Murray: the first by Mrs. Flores and her surviving children for the death of Mr. Flores; the second by Mrs. Flores for her personal injuries; the third by Anita, through Mrs. Flores as guardian ad litem, for Anita's personal injuries;

the fourth by Mrs. Flores for the death of Felipe; the fifth by Maria Zavala, mother of Nellie Zavala, for the death of Nellie Zavala.

In each of the actions it was alleged that Brown was negligent and that, in hauling the trailer, he was acting as Murray's agent.

Defendants denied negligence and pleaded contributory negligence. Murray's motions for nonsuits and directed verdicts were denied. The trial court instructed the jury that the contributory negligence of Mr. Flores would bar recovery for his death and would also be imputed to Mrs. Flores to bar recovery for her personal injuries. With respect to the other three actions, the jury was instructed that the defense of contributory negligence of Mr. Flores was not applicable. The jury returned the following verdicts:

1. In the Mr. Flores action, for defendants.

2. In the Mrs. Flores action, for plaintiff in the amount of $5,000, against both defendants.

3. In the Anita action, for plaintiff in the amount of $15,000, against both defendants.

4. In the Filipe action, for plaintiff in the amount of $5,000, against both defendants.

5. In the Zavala action, for plaintiff in the amount of $5,000, against both defendants.

The motions of both defendants for judgments notwithstanding the verdicts were denied.

Plaintiffs moved for a complete new trial in the Mr. Flores action and for a limited new trial on the issue of damages only in each of the other actions. Murray moved for a complete new trial in each of the actions except the Mr. Flores action. Brown moved for a complete new trial in the Mrs. Flores action and in the Felipe action.

The trial court granted a complete new trial as to all actions, all parties, and all issues. In doing so he stated that separate consideration of each motion might lead to a new trial only of certain issues in certain actions, with the result that the case would be even more complicated than at the first trial. He also observed that the various verdicts were not unanimous and were in part inconsistent and that they were probably compromise verdicts. He concluded that "substantial justice" required that the entire case be retried.

There is no appeal from the order granting a complete new trial in the Mr. Flores action, and that order is now final.

There is no appeal from the order granting a complete new trial in the Mrs. Flores action, but Murray has appealed from the judgment. Since the new trial order is now final, that judgment has been finally vacated and the appeal therefrom must be dismissed.

In the remaining three actions, plaintiffs have appealed from the order granting complete new trials. Under the provisions of rule 3a of the Rules on Appeal, Murray has appealed from the judgment in each of these actions, and Brown has appealed from the judgment in the Felipe action.

Since no question is raised as to the sufficiency of the evidence to support a finding of Brown's negligence or of Mr. Flores's contributory negligence, it is unnecessary to review the evidence relating to the happening of the accident.

Murray contends that there was no evidence that Brown was his employee or agent, and that therefore the trial court erred in denying his motions for judgments notwithstanding the verdicts. The only evidence introduced on this issue was the testimony of Brown and a deposition of Murray. It may be summarized as follows: Both Brown and Murray were in the trucking business and had known each other for many years. Each owned a tractor and two trailers. A few weeks before the accident, Brown has secured a contract to haul pears from Lakeport to Yuba City during the canning season. Since he did not have enough equipment to handle all of the hauling himself, he arranged with Murray to assist him. Murray sent his equipment and a driver from Los Angeles to Lakeport. Brown used Murray's equipment on a trip to trip basis and paid Murray for the amounts so hauled. The job ended about two weeks before the accident, and Murray's driver returned to Los Angeles with Murray's tractor and one trailer, leaving the other trailer in Lakeport. Brown felt obligated to assist Murray in returning this second trailer to Los Angeles, and in a conversation it was agreed that when Brown was next in Lakeport with a tractor he would take the trailer as far as King City, unless Murray had picked it up sooner. Pursuant to this understanding Brown picked up the trailer at Lakeport, and while he was hauling it to King City, the accident occurred. Brown had business of his own to attend to in Lakeport on the day he picked up the trailer, but he would have made the trip in his automobile rather than in his tractor, had he not planned to take Murray's trailer to King City. No compensation was contemplated or given for this service.

■ Although it is clear from the foregoing evidence that at the time of the accident, Brown was towing Murray's trailer for the latter's benefit, Brown's negligence may be imputed to Murray only if Brown was acting as his agent or employee. If Brown was hauling the trailer as a mere favor to Murray, or as an independent contractor, negligence may not be imputed. (*Edwards* v. *Freeman*, 34 Cal.2d 589, 592 [212 P.2d 883]; *Malloy* v. *Fong*, 37 Cal.2d 356, 370 [232 P.2d 241].)

■ The primary test for determining whether a person performing gratuitous services for another does so as the latter's agent is the same as that applied to determine whether one performing services for compensation does so as an employee or as an independent contractor, and in both situations the determinative issue is whether or not the alleged principal controlled or had the legal right to control the activities of the alleged agent. (*Edwards* v. *Freeman, supra,* and cases cited; *Malloy* v. *Fong, supra,* and cases cited.) Accordingly, it is unnecessary to decide whether the jury could reasonably infer that Brown was not acting gratuitously. It need only be determined whether there is any evidence from which the jury could infer that Murray had the right to control the manner in which the job was done.

There is nothing in the evidence of the business relations between Brown and Murray from which that right could be inferred. Both men were independent truckers, and Brown had not in the past been Murray's employee. In fact the evidence indicates that either Brown had employed Murray or engaged him as an independent contractor to haul such loads as Brown wished.

Plaintiffs contend, however, that the jury could infer the right to control from the fact that Brown was towing Murray's trailer with permission for Murray's benefit. ■ It has frequently been held that when one person is driving another's automobile for the latter's benefit an inference of agency may be drawn. (*Souza* v. *Corti*, 22 Cal.2d 454, 461 [139 P.2d 645]; *Perry* v. *McLaughlin*, 212 Cal. 1, 14 [297 P. 554]; *Graf* v. *Harvey*, 79 Cal.App.2d 64, 69 [179 P.2d 348]; *Cope* v. *Goble,* 39 Cal.App.2d 448, 456 [103 P.2d 598]; *DuBois* v. *Owen,* 16 Cal.App.2d 552, 556 [60 P.2d 1019].) In such cases the right to control may be inferred from the owner's power over the way his automobile should be operated, particularly when he is present on the trip. ■ On the other hand, it is settled that if one person is riding in another's

automobile, the right to control may not be inferred merely because the trip is undertaken for the passenger's benefit and the destination is selected by him. *(Edwards* v. *Freeman, supra,* 34 Cal.2d 589, 592, 593; *Pope* v. *Halpern,* 193 Cal. 168, 174-176 [223 P. 470] ; *Bryant* v. *Pacific Electric Ry. Co.,* 174 Cal. 737, 742 [164 P. 385] ; *Lowe* v. *Lee,* 95 Cal.App.2d 685, 689 [213 P.2d 767] ; *Cox* v. *Kaufman,* 77 Cal.App.2d 449, 452 [175 P.2d 260] ; see, also, *Stoddard* v. *Fiske,* 35 Cal. App. 607, 609-610 [170 P. 663].) Similarly, the right to control may not be inferred merely from the fact that one person with his own equipment is transporting another's goods. (*Clarke* v. *Hernandez,* 79 Cal.App.2d 414, 424 [179 P.2d 834] ; *Preo* v. *Roed,* 99 Cal.App. 372, 380 [278 P. 928] ; see, also, *Gaskill* v. *Calaveras Cement Co.,* 102 Cal.App.2d 120, 124 [226 P.2d 633] ; *Walton* v. *Donohue,* 70 Cal.App. 309, 314 [233 P. 76].) In both of these latter situations in which an owner is driving his own vehicle, the right to control its operations will ordinarily rest with him, and accordingly, in the absence of other evidence, it cannot be inferred that he has surrendered that right by agreeing to carry the person or property of another. ■ The facts of the present case bring it within the foregoing rule. Brown was towing Murray's trailer with his own equipment in carrying out an apparently isolated transaction between the parties, and the fact that he was towing Murray's property instead of carrying his person or his goods is immaterial. *(Walton* v. *Donohue, supra; Gaskill v. Calaveras Cement Co., supra.)* Accordingly, Murray's motions for judgments notwithstanding the verdicts should have been granted.

Plaintiffs contend that the trial court erred in granting complete new trials against Brown in the last three causes of action instead of new trials limited to the issue of damages. Brown justifies the complete new trial order in the action for the wrongful death of Felipe on the ground that the trial court erred in instructing the jury that contributory negligence on the part of Mr. Flores would not bar Mrs. Flores's recovery for the death of Felipe. He relies upon *Keena* v. *United Railroads of S.F.,* 57 Cal.App. 124 [207 P. 35] ; *Cossi* v. *Southern Pac. Co.,* 110 Cal.App. 110 [293 P. 663] ; *Dull* v. *Atchison, T. & S.F. R. Co.,* 27 Cal.App.2d 473 [81 P.2d 158] ; and *Kataoka* v. *May Dept. Stores Co.,* 60 Cal.App.2d 177 [140 P.2d 467], for the proposition that the negligence of one parent that contributes to the death of a minor child must be imputed to the other in any action for wrongful death

against a third party. All of these cases dealt with negligence on the part of the mother, and in each it was said that such negligence would be imputed to the father, either because the mother was acting as agent for the community in caring for the child, or because the recovery would be community property in which she would have an interest.

Since the mother and father are equally entitled to the custody of a minor child (Civ. Code, § 197), if negligence is to be imputed from one to the other on an agency theory it must be because their relationship in caring for their child is in the nature of a joint enterprise, each being the agent of the other. In view of their equal rights in this respect it cannot be said that the mother is necessarily the agent and the husband the principal. Since the decision in the Keena case, however, where the agency doctrine was enunciated, it has been settled that the family relationship standing alone is not sufficient to convert family activities into joint enterprises for purposes of imputing negligence. (*Campagna* v. *Market St. Ry. Co.*, 24 Cal.2d 304, 309 [149 P.2d 281]; *Cox* v. *Kaufman*, 77 Cal.App.2d 449, 452 [175 P.2d 260]. See, also, *Spence* v. *Fisher*, 184 Cal. 209, 214 [193 P. 255, 14 A.L.R. 1083]; *Bryant* v. *Pacific Electric Ry. Co.*, 174 Cal. 737, 742 [164 P. 385]; *Sanfilippo* v. *Lesser*, 59 Cal.App. 86, 88 [210 P. 44]; *Hill* v. *Jacquemart*, 55 Cal.App. 498, 501-502 [203 P. 1021].) Since there is no evidence in addition to the family relationship of a joint enterprise between Mr. and Mrs. Flores, Mr. Flores's negligence may be imputed to his wife, if at all, only because the cause of action for the wrongful death of Felipe was community property.

In the absence of an agreement to the contrary, it is settled that a cause of action for injuries to either the husband or the wife arising during the marriage and while they are living together is community property (*Zaragosa* v. *Craven*, 33 Cal.2d 315, 318-321 [202 P.2d 73], and cases cited), and the same rule is applicable to a cause of action for the wrongful death of a minor child, or for damages suffered by the parents because of injury to such a child. (*Fuentes* v. *Tucker*, 31 Cal.2d 1, 10 [187 P.2d 752]; *Crane* v. *Smith*, 23 Cal.2d 288, 301 [144 P.2d 356]; *Sandberg* v. *McGilvray-Raymond etc. Co.*, 66 Cal.App. 261, 272 [226 P. 28].). Accordingly, in all of these situations it is ordinarily necessary to impute the negligence of one spouse to the other to prevent the negligent spouse from profiting by his own wrong. (*Moody* v. *Southern Pac. Co.*, 167 Cal. 786, 790 [141 P. 388]; *Basler* v. *Sacramento*

*Gas & Elec. Co.*, 158 Cal. 514, 518 [111 P. 530, Ann.Cas. 1912A 642] ; see, also, *Rosenbloom* v. *Southern Pac. Co.*, 59 Cal.App. 102, 107 [210 P. 53].) ▮ When the marriage is dissolved, however, the interests in any of these causes of action become separate property, and it becomes possible to segregate the elements of damages that would, except for the community property system, be considered personal to each spouse. Under these circumstances the objective of preventing unjust enrichment may be accomplished by barring only the interest of the negligent spouse or his estate.

▮ Mr. Flores died in the same accident in which his wife was injured. To allow her to recover for her personal injuries will in no way enrich Mr. Flores or those who might take through him. Similarly, there will be no unjust enrichment if Mrs. Flores is allowed to recover for the wrongful death of her son. ▮ Damages for wrongful death are the sum of those suffered by each heir or parent *(Fuentes* v. *Tucker,* 31 Cal.2d 1, 10 [187 P.2d 752] ; *Estate of Riccomi,* 185 Cal. 458, 462 [197 P. 97, 14 A.L.R. 509]), and accordingly, when the heirs are not husband and wife, the negligence of one is not imputed to the others because the recovery may be limited to the nonnegligent heirs. *(Bowler* v. *Roos,* 213 Cal. 484, 485-486 [2 P.2d 817] ; *Bowen* v. *Kizirian,* 105 Cal.App. 286, 290 [287 P. 570].) Similarly, in this case the damages will be limited to those suffered by Mrs. Flores and the recovery will be hers alone.

▮ It is contended, however, that the rights of the parties arising out of an accident must be determined as of the time that the causes of action arise, and that the right to recover for personal injuries or the wrongful death of a minor child should not turn upon the chance of whether or not the plaintiff's spouse survives until after the statute of limitations has run or judgment has been rendered. It is not unusual, however, for the chance chronology of death to determine whether recovery may be had. It does so in all tort actions that abate on the death of one or the other of the parties. It would govern here, even if we were to hold that the determinative issue was whether Felipe died before or after his father. If he died after his father, his mother's action for his wrongul death could in no event be considered community property. Although there is evidence from which the jury could have found that Mr. Flores survived his son, we think this issue was properly not presented to them. Undoubtedly, convenience and certainty in litigation would be

served if facts occurring after the accrual of a cause of action could be ignored, but benefits so achieved would be far outweighed by the hardship and injustice of applying a rule designed to prevent unjust enrichment after the reason for it has ceased to exist. (See Civ. Code, § 3510.) When the husband is dead, not only is the reason for the rule imputing his negligence to his wife gone, but to apply it defeats its own purpose. It is but a windfall to a defendant who negligently injures a wife or causes the death of a minor child that recovery may be barred because the wife's husband was also negligent. Although allowing the negligent defendant to escape liability has been considered a lesser evil than allowing the negligent spouse to profit from his own wrong, surely the former evil may not be balanced by the latter when the latter is no longer present. Accordingly, the order granting a complete new trial cannot be sustained on the ground that the trial court erred in instructing the jury that negligence of Mr. Flores, if any, would not be a defense to Mrs. Flores's action for the wrongful death of Felipe. To the extent that *Solko* v. *Jones,* 117 Cal.App. 372 [3 P.2d 1028] ; *Cossi* v. *Southern Pac. Co.,* 110 Cal.App. 110 [293 P. 663] ; and *Dull* v. *Atchison, T. & S.F. Ry. Co.,* 27 Cal.App.2d 473 [81 P.2d 158], are inconsistent with the foregoing they are disapproved.

Brown did not move for a new trial in the actions for Anita Flores's personal injuries and for Maria Zavala's wrongful death, and as indicated above, his motion for a new trial in the action for the wrongful death of Felipe cannot be supported on the ground that the jury was erroneously instructed with respect to imputed negligence. Plaintiffs, however, moved for a new trial on the issue of damages alone in all of these actions. The question is presented, therefore, whether in view of plaintiffs' motions, the court erred in granting a new trial on all issues against Brown in these actions.

 It has recently been settled that when the issues of liability and damages are so interwoven that a new trial limited to damages alone would be unfair to the defendant, the trial court may order a complete new trial although the only motion is by the plaintiff for a limited new trial. *(Hamasaki* v. *Flotho, ante,* p. 602 [248 P.2d 910].)

In the present case the verdicts were not unanimous, and the verdict in the action for the wrongful death of Mr. Flores was inconsistent, under the instructions given, with the verdict in the action for the personal injuries of Mrs.

Flores. Under these circumstances we cannot say that the trial court erred in concluding that the verdicts were probably the result of compromise and that substantial justice required a complete new trial.

The appeals from the judgments are dismissed. The order denying Murray's motion for judgments notwithstanding the verdicts as to the last three causes of action is reversed and the trial court is directed to grant his motion as to those actions. (Code Civ. Proc., § 629.) The order granting a new trial is reversed to the extent that it orders a new trial against Murray in those actions, and affirmed to the extent it orders a new trial against Brown. Murray shall recover his costs on appeal. The other parties shall bear their own costs.

Gibson, C. J., Shenk, J., Edmonds, J., Shauer, J., and Spence, J., concurred.

CARTER, J.—I dissent.

On the question of limited new trials, I adhere to the views expressed by me in *Leipert* v. *Honold, ante,* p. 471 [247 P.2d 324], and *Hamasaki* v. *Flotho, ante,* p. 613 [248 P.2d 910]. In addition, however, I believe that it was proper to deny defendant Murray's motion for judgment notwithstanding the verdict against him, because it is quite clear that the evidence was sufficient to show that defendant Brown was acting as Murray's agent at the time of the accident and the latter was therefore liable on the basis of respondeat superior.

From the record it appears that while the contract was being performed Brown and Murray were engaged in either a joint trucking enterprise or Murray was the agent of Brown as the latter had the contract and was using Murray's trailer in the performance of the trucking operation. Although the trucking work had been finished, Murray's trailer was still at the place of operation, many miles from Murray's home and place of business in Los Angeles and from whence it came when the trucking job was commenced. Hence the association between Brown and Murray was still in existence. As the concluding step in the association, Brown felt obligated to Murray to aid in returning the latter's trailer to Los Angeles and hence agreed that he would pick up the trailer and return it to Los Angeles. That he did, and the accident occurred while he was on that trip. There is a clear inference from these facts that Brown was acting as Murray's agent on that trip. It is conceded by the majority

that where a person drives another's automobile for the latter's benefit (precisely the instant case) an inference or presumption arises that the driver is acting as the owner's agent. That such is the law has been held in many cases. It is said in *Souza* v. *Corti*, 22 Cal.2d 454, 461 [139 P.2d 645] : "As to the liability of the defendant Arthur Gigli, the record shows that defendant Corti took possession of the Dodge car for the use, benefit and accommodation and under the direction of Arthur and for the purpose of taking it to Rocca's for Arthur. Under these circumstances Arthur was the principal and Corti was his agent. The negligence of the latter was therefore imputable to Arthur."

The same rule has been stated repeatedly *(Maberto* v. *Wolfe,* 106 Cal.App. 202 [289 P. 218] ; *McWhirter* v. *Fuller,* 35 Cal. App. 288 [170 P. 417] ; *Randolph* v. *Hunt,* 41 Cal.App. 739 [183 P. 358] ; *Dierks* v. *Newsom,* 49 Cal.App. 789 [194 P. 518] ; *Navarro* v. *Somerfeld,* 35 Cal.App.2d 35 [94 P.2d 623] ; *Gates* v. *Pendleton,* 184 Cal. 797 [195 P. 664] ; *Jacobus* v. *Brero,* 190 Cal. 374 [212 P. 617] ; *Grover* v. *Sharp & Fellows etc. Co.,* 66 Cal.App.2d 736 [153 P.2d 83] ; *Graf* v. *Harvey,* 79 Cal.App.2d 64 [179 P.2d 348].)

Hence in the instant case an inference arises that Brown was Murray's agent which is sufficient to justify the verdicts against Murray.

The majority endeavors to evade that rule by stating that the case is more like one where a trip is taken in the owner's car for a passenger's benefit, in which it is said that the cases hold there is no inference that the owner is the passenger's agent, or where one is transporting another's goods in the former's car, in which the cases are said to hold that there is no inference of agency. That answer is not satisfactory for several reasons. There is no sound reason why the rule should be any different merely because Brown was towing Murray's trailer with his own truck. The fact remains that he was operating Murray's trailer and his own truck on the highway for Murray's benefit. The case is not like those relied upon by the majority such as *Edwards* v. *Freeman,* 34 Cal.2d 589 [212 P.2d 883], where the owner of the car did nothing more than give a ride to his mother to town where she had her eyes tested. She was merely being given a ride in the owner's car. It was not a case of a person (Brown) operating another's (Murray's) trailer on the highways for the benefit of the latter. Here there was a clear business relationship between Brown and Murray that

was still continuing when the accident happened. To take from the jury this issue of fact is just another instance in which the majority has deprived a litigant of his right to a jury trial in violation of the constitutional mandate.

In view of the fact that a motion for a complete new trial was made in each of the actions the court had the power to grant the same. This is true even though the motion in Mr. Flores's action was made by plaintiff and a similar motion was made by defendant Murray in each of the other actions and by defendant Brown in the Mrs. Flores and Felipe actions. Therefore, we are not faced with the problem presented in the Hamasaki case, *supra*, where the only motion granted by the trial court was plaintiff's motion for a new trial on the issue of damages only.

I would, therefore, affirm both the order denying the motion for judgment notwithstanding the verdicts and the order granting a complete new trial on all issues.

Plaintiffs and appellants' petition for a rehearing was denied November 3, 1952. Carter, J., was of the opinion that the petition should be granted.