[L. A. No. 4156. Department One.—March 23, 1918.]

## W. H. IRWIN, Respondent, v. GOLDEN STATE AUTO TOUR CORPORATION (a Corporation), Appellant.

Negligence — Injury from Touring Car to Invited Passenger on Auto Truck — Imputed Negligence — Instructions.—Where the driver of an auto truck invited the plaintiff to ride with him, and the plaintiff, while about to board the truck, was struck and injured by defendant's passing touring car, it was proper to instruct the jury that if they found from the evidence that the plaintiff was about to board the truck as the guest of its driver, neither exercising nor assuming any control over it, then, even though they might also find that the auto truck was not properly equipped or lighted, or that its driver was negligent in any other respect, such negligence must not be imputed to the plaintiff, he being responsible only for the exercise of ordinary care on his own part.

Id.—Acceptance of Conditions by Invited Passenger—Instruction Refused.—In such case the refusal of an instruction that the plaintiff, when he was in the act of getting on the auto truck, which was standing in the street, accepted the conditions there existing, including the position in which said auto truck was standing, was not erroneous.

Id.—Matters not Under Control of Invited Passenger.—Even assuming that the relation of driver and passenger had arisen upon the acceptance by plaintiff of the driver's invitation to ride, the passenger is not to have imputed to him the negligence of the driver in respect to matters over which the passenger or a person about to become a passenger had no direction or control.

Id.—Exercise of Proper Care by Plaintiff—Question of Fact for Jury.—Whether or not the plaintiff exercised proper care under the circumstances of the instant case was a question of fact for the jury.

Id.—Municipal Ordinance—Violation of Ordinance by Driver.—A municipal ordinance of the city where the accident occurred, making it unlawful to stop any vehicle on any street unless the side next

the curb was not more than two feet from the curb was properly excluded when offered in evidence by the defendant, since the violation of the ordinance by the driver was entirely immaterial, except on the doctrine of imputed negligence which was eliminated from the case.

ID.—CONTRIBUTORY NEGLIGENCE—QUESTION OF FACT FOR THE JURY.— In the case at bar the record does not show that the plaintiff was guilty of contributory negligence, but that the question of contributory negligence was, under proper instructions, a question of fact for the jury.

ID.—UNAVOIDABLE ACCIDENT—NOT SHOWN BY EVIDENCE.—Where the evidence showed that the plaintiff was on a public street in plain sight, for a distance of 150 feet, of the driver of the defendant's touring car, and was there run into from behind by the defendant's car, while the driver had practically three-fourths of the width of an otherwise unoccupied street in which to have altered his course to avoid striking the plaintiff, an appellate court cannot say, as a matter of law, that the accident was unavoidable.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Louis W. Myers, Judge.

The facts are stated in the opinion of the court.

Riddle & Cheroske, for Appellant.

Tyrrell, Abrahams & Brown, for Respondent.

RICHARDS, J., *pro tem.*—This is an appeal from a judgment and order denying a motion for a new trial in an action for damages for personal injuries. Concerning the facts of the case there is, with one exception, no material dispute. The accident in which the plaintiff suffered his injuries occurred on the evening of February 18, 1914, on North Broadway Street near Pritchard Street, in the city of Los Angeles. Plaintiff's version of it is substantially adopted for the purpose of this appeal. He testified that about 5 o'clock on the evening of the above date he had taken a car on North Broadway and Eighteenth Avenue, and ridden out North Broadway to Pritchard Street, where he got off the car and went across the street to a butcher-shop to get some meat. As he went into the butcher-shop he met Mr. Kelley, whose truck was standing in front of the shop, and who asked him if he wanted a ride home. (Mr. Kelley lived in his neighborhood.)

The plaintiff answered yes, and went on into the shop to get his meat, Mr. Kelley in the meantime going elsewhere on an errand. Coming out of the shop the plaintiff walked to the curb at the rear end of Kelley's truck, which it is stipulated was fourteen feet long and five feet wide. It was backed up, the right-hand rear wheel being against the curb and the right-hand front wheel a distance from the curb, stated by the plaintiff to have been not over three feet, but variously estimated by the different witnesses. It is upon this point, in fact, that the main dispute between the parties arose, the witnesses for the defendant asserting that the front end of Kelley's truck was at such a distance from the curb out in the street as to constitute a violation of the ordinance of the city in respect to the positions of vehicles with relation to the curb. However that may be, the plaintiff states that he walked to the curb and looked down the street, when he saw a touring car approaching and being at the time about 150 feet away, and out in the street next to the car track. The street was fairly lighted, though it was raining at the time and the plaintiff had his umbrella up. The front and rear lights on Kelley's truck were lighted. The plaintiff stepped off the curb, walked around the rear end of Kelley's truck toward the front, put his right foot on the foot-board, laid his meat on the seat, lowered his umbrella, and was about to step up into the truck, his face being toward it and his back in the direction of the approaching touring car. While in this position he was struck by the touring car, which passed over his leg, causing the injuries for which he sues. The touring car, prior to its impact upon the plaintiff, had been climbing a somewhat steep grade from the lower street, going slowly and making sufficient noise to be heard by the plaintiff as he went around the truck to board it. Plaintiff, in this respect, states that he heard the noise of the approaching car but that no other warning was sounded prior to the collision. It was between twenty-five and thirty feet from the nearest track to the curb on that side of the street, and as the plaintiff first observed the touring car it was approaching out in the street near the track, and following a line of approach which would have taken it safely by the head of Kelley's truck, and safely past the point where the plaintiff was about to board it, with space to spare. Upon a showing of these facts the plaintiff recovered a verdict and judgment for the sum of two thou-

sand five hundred dollars, which the court refused to set aside on motion for a new trial, wherefore the defendant prosecutes this appeal.

The first contention urged by the appellant is that the court erred in giving the following instruction: "You are instructed that, if you find from the evidence that plaintiff was about to board the automobile truck as the guest of its driver, neither exercising nor assuming any control over it, then, even though you may also find that the auto truck was not properly equipped or lighted, or that its driver was negligent in any other respect, such negligence must not be imputed to plaintiff. The plaintiff is responsible only for the exercise of ordinary care on his own part." In this connection the appellant also alleges that the court erred in refusing to give in lieu of the foregoing instruction the following instruction requested by the defendant: "You are hereby further instructed that the plaintiff when he was in the act of getting on to the auto truck which was standing in the street accepted the conditions there existing, including the position in which said auto truck was standing." The rule which the appellant seeks to invoke in support of its contention that the trial court was in error in giving and refusing respectively the foregoing instructions, is that the negligence of the driver of a vehicle is to be imputed to the passenger; or, as in the case at bar, to one about to become such passenger, the appellant claiming that there was sufficient evidence that Kelley was negligent, with respect to the position in which his truck was standing at the time of his invitation to the plaintiff to ride with him, and in the position in which it still stood at the time when the plaintiff was attempting to board it, to permit the application of the above rule, and hence that the appellant was entitled to an instruction to the jury to that effect. We are of the opinion that the rule for which the appellant contends, however correct in a proper case, cannot be given application to the facts of the case at bar. It is true that the plaintiff had been invited by Kelley to ride home with him in his truck, but the plaintiff had in no way participated in any act of negligence which Kelley may theretofore have committed in the placing of his truck; nor had the plaintiff any control over the conduct of Kelley in regard thereto, or in his management of his vehicle. The plaintiff had not yet become, in point of fact, a passenger upon Kelley's truck. The

cases, therefore, cited by counsel for the appellant, of persons occupying a vehicle and engaging in a mutual adventure with its driver have no application to the instant case. But even if it were to be assumed that the relation of driver and passenger had arisen upon the acceptance of the former's invitation to ride, we still think the sounder rule to be that the passenger is not to have imputed to him the negligence of the driver in respect to matters over which the passenger or persons about to become such had no direction or control. The following authorities sustain this view: *Bresee* v. *Los Angeles Traction Co.*, 149 Cal. 131, [5 L. R. A. (N. S.) 1059, 85 Pac. 152] ; *Robinson* v. *New York Cent. R. R. Co.*, 66 N. Y. 11, [23 Am. Rep. 1] ; *Dyer* v. *Erie Ry. Co.*, 71 N. Y. 228.

It follows that the court did not err in refusing to give the defendant's suggested instruction, nor in its refusal to give any other of the defendant's offered instructions in which the doctrine of imputed negligence was sought to be invoked, nor was the court in error in giving the foregoing instruction at the plaintiff's request, since, aside from its correct statement as to the rule of imputed negligence, it also embodied in its concluding sentence the proper rule governing the plaintiff's situation in the instant case: "The plaintiff is responsible only for the exercise of ordinary care on his own part." Whether or not he exercised such care under the circumstances of the instant case was a question of fact for the jury.

The appellant's next contention is that the court erred in the exclusion of the ordinance of the city of Los Angeles in effect at the time of the accident, making it unlawful to stop any vehicle on any street unless the side next the curb is not more than two feet from the curb. The only bearing which this ordinance could have upon this case would be upon the question of the imputed negligence of Kelley in allowing his vehicle to remain standing in a position violative of the requirements of the ordinance. But when the doctrine of imputed negligence is eliminated from the case, the terms of this ordinance become entirely immaterial to it, and hence it was properly excluded by the trial court. This reasoning and conclusion also applies to another ordinance to practically the same effect, which the defendant omitted to introduce upon the main trial, but which it sought to have presented as newly discovered evidence upon its motion for a new trial. It was neither newly discovered evidence nor was it material

to the issues in the case. The remaining points urged by the appellant relate to its contention that upon a consideration of the whole evidence in the case the record shows that the plaintiff was guilty of contributory negligence, which, as a matter of law, should prevent his recovery; and also shows that the accident was unavoidable and in no sense due to any fault on defendant's part. The facts of this case do not warrant either of these contentions. The question of the plaintiff's contributory negligence was, under proper instructions by the trial court, a question of fact for the jury. The evidence does not show that the accident was unavoidable, but, on the contrary, discloses that the plaintiff, while in plain sight of the driver of the defendant's touring car for a distance of 150 feet, and while upon the public street where he had a right to be, was run into from behind by the defendant's car, while the driver of said car had practically three-fourths of the width of an otherwise unoccupied street in which to have so altered his course as to avoid striking the plaintiff. Under such circumstances we cannot say, as a matter of law, that the accident was unavoidable.

Judgment and order affirmed.

Sloss, J., and Shaw, J., concurred.