[Civ. No. 3349.   Second Appellate District, Division One.—September 14, 1920.]

CHRIS DE SOTO, as Administrator, etc., et al., Respondents, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation), Appellant.

[1] NEGLIGENCE—AUTOMOBILE ACCIDENT—INJURY TO GUEST—INSTRUCTION.—An instruction in an action for personal injuries that if the jury found that the plaintiff was riding as a guest in the automobile at the time of the accident, neither exercising nor assuming any control over it, or the person driving it, and if it was further found that plaintiff was injured by the negligence of the defendant alone, or from the negligence of the driver of the automobile, the verdict must be for the plaintiff, unless it was found that plaintiff herself was guilty of contributory negligence, was erroneous, since it advised that if the plaintiff's injuries were caused by the negligence of the driver, she could recover, notwithstanding the negligence of the defendant may not have contributed to her injuries.

[2] ID.—UNSUPPORTED INSTRUCTIONS.—Refusal to give offered instructions is not error in the absence of evidence to support them.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Chas. Monroe, Judge.   Reversed.

The facts are stated in the opinion of the court.

Frank Karr, R. C. Gortner and E. E. Morris for Appellant.

George P. Cary and Frank C. Dunham for Respondents.

JAMES, J.—In this action for damages, alleged to have been caused through the negligence of the defendant, plaintiffs had judgment.   Defendant appeals, assigning as prejudicial errors committed by the trial judge the giving of certain instructions to the jury as to the law and the refusal to give certain offered instructions on the part of the defendant.

Marie De Soto suffered the injuries complained of, the second party plaintiff being her husband and being joined only because of his relationship to her.   For convenience we will refer to Marie De Soto as though she were the sole

plaintiff. The negligence complained of consisted in leaving unattended and without repair a ragged gutter or depression on the outside of a railroad track. This track curved at the point mentioned and the gutter or depression was for a number of yards along the outside of the outermost rail on said curve. Plaintiff was being conveyed in an automobile along the street upon which defendant's tracks were so laid and said depression existed. The wheels of the automobile entered the gutter along the rail and in some manner were so held there that the automobile was overturned and plaintiff suffered injuries. That these injuries were of a serious character, no question is made by the evidence. No question was made at the trial as to the fact that the defendant, by allowing the gutter to exist beside its tracks, was guilty of negligence. There were two questions which the jury had to resolve in order to reach a conclusion favorable to the plaintiff's claim: 1. Whether the negligence of the defendant was the proximate cause of plaintiff's injuries; 2. whether the plaintiff was herself guilty of such negligence as contributed proximately to produce her injuries. These further facts may be stated: The plaintiff on the night of the accident was riding in an automobile belonging to her brother-in-law, whom she had requested to convey her, as a matter of friendly accommodation, to a near-by store. She exercised no control over the driver of the machine other than to indicate the place to which she desired to be transported. Under these conditions the journey was made to the store, and it was upon the return therefrom that the accident happened. There was no testimony indicating that the brother-in-law was an incompetent driver, or that prior to the time of the accident he had been driving at an unusual or dangerous rate of speed. There was the testimony of one witness who observed the marks made by the wheels of the automobile upon the ground and about the tracks at the point where it was overturned, and this testimony is made the basis for the argument that at the time of the accident the machine in which the plaintiff was riding must have been traveling at a high rate of speed. We will advert to that matter at a later point in the opinion. It may be added further that the defendant by its answer did allege in proper terms that the relationship between the plaintiff and the brother-in-law was such as to make her responsible

for the negligent act of the driver; that is, that the driver was the agent of the plaintiff, and that if he were not her agent he was negligent in his handling of the machine and that she, knowing of this negligence, continued to ride with him.

[1] It is first insisted that the instructions given by the court were of a contradictory nature, so much so as to have been confusing and unintelligible to the jury. The instructions were contradictory, some of them correctly stating the law and others not. For instance, we find that the court instructed the jury as follows: "If you find from the evidence that the plaintiff was riding as a guest in the automobile at the time of the accident, neither exercising nor assuming any control over it, or the person driving it, and if you further find from all the evidence in the case the plaintiff was injured by the negligence of the defendant alone, or from the negligence of the driver of the automobile in which she was riding, then your verdict must be for the plaintiff, unless you find the plaintiff herself was guilty of contributory negligence." The error in this instruction consists in the advice to the jury, reasonably deduced from the language used by the court, that if the plaintiff's injuries were caused by the negligence of the driver of the automobile, she could recover, notwithstanding that the negligence of the defendant may not have contributed to produce the damaging result. In an instruction immediately following, the court did conclude with the advice that if the accident was caused solely by the negligence of the driver of the automobile, the defendant would not be liable; but the vice of this instruction consists in its being coupled with the introductory phrase that "in case you should determine that she had any control whatever of the machine." Plainly, if the negligent act of the driver was the sole cause of the accident, defendant would not be liable, regardless of whether the plaintiff had any control of the machine. As we have already stated, while the court in some of the instructions correctly informed the jury of the law applicable to the case, the particular instruction first referred to contained statements diametrically at variance with those propositions which were correctly stated, and it cannot here be told as to which had preponderating weight in the minds of the jurymen. It is claimed further that the court invaded the province of the

jury in instructing directly as to a material fact in dispute when it gave this instruction: "The case, however, is different between this plaintiff and the defendant from what it would be if it were a case between the driver of the automobile and the defendant, because she was not the one responsible for managing and driving the automobile." This instruction, as insisted by the appellant, contains the direct advice that the plaintiff was not responsible for the acts of the driver, and this after the court had already assumed by other instructions given that that particular matter was in issue and one which the jury had to decide. This instruction may be relieved from its vice only by such a construction of the evidence as may warrant the assertion that, under the relationship shown to exist between the plaintiff and the driver of the automobile and her acts and conduct therewith connected, the facts were undisputed and a conclusion irresistibly indicated that no responsibility was fixed upon the appellant for any act of negligence committed by the driver, and we think that the evidence fairly shows those necessary conditions to have existed.

[2] Under the head of errors of the court in refusing to give instructions offered by the defendant, we are referred to certain instructions which deal with the contributory negligence of the plaintiff, assuming that she continued to ride in the automobile without protest while it was being driven at a high and reckless rate of speed. We have particularly called attention to the evidence offered by the defendant referring to that matter. The driver of the automobile had testified that he was traveling at a moderate rate of speed; the plaintiff had testified that the machine was traveling at an "ordinary" rate of speed. The witness for the defendant, judging from the marks on the street made by the wheels of the automobile at the time of the accident, indicated that the machine was traveling very fast at the time it was caught in the gutter. In order to make pertinent the offered instructions there should have been some evidence (and there was none) showing that prior to the time the wheels of the machine were caught in the gutter the driver had been traveling at a reckless rate of speed and that the plaintiff had time and opportunity to protest or get out of the vehicle. The offered instructions, therefore, were

without proper evidence upon which to predicate them, and the court's refusal to so advise the jury was not error.

For the reasons first given, the judgment is reversed.

Conrey, P. J., and Shaw, J., concurred.