AURELIA JACOBSON, PLAINTIFF, v. BENTLEY MOR-
RISON CORPORATION, INCORPORATED, A CORPORA-
TION OF THE STATE OF NEW JERSEY, AND JOSEPH
MORRISON, DEFENDANTS.

Submitted May 14, 1926—Decided December 30, 1926.

Where a person, personally in the exercise of that degree of care
which common prudence requires under all the attending cir-
cumstances, is injured through the negligence of some third person
and the concurring negligence of one with whom the plaintiff is
riding as guest or companion, whether as an invitee or as a mere
licensee, between whom and the plaintiff the relation of master
and servant, or principal and agent, or mutual responsibiilty in
a common enterprise does not, in fact, exist, the plaintiff being
at the time in no position to exercise authority or control over
the driver, then the negligence of the driver is not imputable
to the injured person, but the latter is entitled to recover against
the third person through whose wrong his injuries were sustained.

On plaintiff's rule to show cause why a verdict for the
defendants should not be set aside.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD
and MINTURN.

For the rule, *Lichtenstein, Schwartz & Friedenberg* (*David
Friedenberg,* of counsel).

*Contra, Parker, Emery & Van Riper.*

The opinion of the court was delivered by

TRENCHARD, J.   Upon the trial at the Union Circuit the
evidence tended to show the following matters of fact: The
plaintiff was injured in a collision between an automobile in
which she was riding, and which was being driven by her
nephew, and a car owned by the defendant corporaton, and
being driven by its employe, the other defendant.   At the time
of the accident the plaintiff was being conveyed by her nephew
from the railroad station in Westfield to her sister's home,

where she was living at that time. She had taken up her abode with her sister, at the latter's suggestion, although she was employed in Brooklyn, and the arrangement between the two sisters was that the plaintiff should be met at the station by her nephew with his car and taken to her new home. We believe that so far the evidence was not in dispute, but with respect to the negligence of the driver of the defendant's car and the contributory negligence of the driver of the car in which the plaintiff was riding, there was a conflict in the evidence.

The jury rendered a verdict for the defendants, and the plaintiff holds this rule to show cause why that verdict should not be set aside.

The plaintiff contends, and we think rightly, that there was prejudicial error in the charge. The trial judge instructed the jury that if the plaintiff was an invitee in the automobile in which she was being driven at the time of the accident, the contributory negligence of the driver of the automobile was not imputable to her, but that if she was a mere licensee in the automobile, the contributory negligence of the driver thereof was imputable to her, and the judge left it to the jury to determine, among other things, whether the plaintiff was an invitee or a licensee, and whether the driver of the automobile was guilty of contributory negligence.

Assuming, without deciding, that under the evidence it was open to the jury to find that the plaintiff was a mere licensee, and not an invitee, we think that the instruction to the effect that if the accident occurred through the joint negligence of the driver of the defendant's car and of the plaintiff's nephew, then the plaintiff could not recover unless she was an invitee, and not a mere licensee, was erroneous and prejudicial to the plaintiff.

The true rule deducible from our own cases, and supported by the great weight of authority by courts of other jurisdictions, is that where a person, personally in the exercise of that degree of care which common prudence requires under all the attending circumstances, is injured through the negligence of some third person and the concurring negligence of

one with whom the plaintiff is riding as guest or companion, whether as an invitee or as a mere licensee, between whom and the plaintiff the relation of master and servant, or principal and agent, or mutual responsibility in a common enterprise does not, in fact, exist, the plaintiff being at the time in no position to exercise authority or control over the driver, then the negligence of the driver is not imputable to the injured person, but the latter is entitled to recover against the third person through whose wrong his injuries were sustained. *Lange* v. *New York, Susquehanna and Western Railroad Co.,* 89 *N. J. L.* 604; *Mittelsdorfer* v. *West Jersey, &c., Railroad Co.,* 77 *Id.* 698; *Noonan* v. *Consolidated Traction Co.,* 64 *Id.* 579; *Consolidated Traction Co.* v. *Hoimark,* 60 *Id.* 456; *New York, Lake Erie and Western Railroad Co.* v. *Steinbrenner,* 47 *Id.* 161; *Bennett* v. *N. J. R. R. & T. Co.,* 36 *Id.* 225; *Cincinnati Street Railway Co.* v. *Wright (Ohio),* 43 *N. E. Rep.* 688; *De Soto* v. *Pacific Electric Railway Co. (Cal.),* 193 *Pac. Rep.* 270; *Barry* v. *Harding (Mass.),* 139 *N. E. Rep.* 298; *Mayor and City Council* v. *State (Md.),* 126 *Atl. Rep.* 130; *Ouverson* v. *City of Grafton (N. D.),* 65 *N. W. Rep.* 676; *Shultz* v. *Old Colony Street Railway,* 193 *Mass.* 309.

The rule to show cause will be made absolute.