[S. F. No. 17994. In Bank. Dec. 28, 1949.]

ELONEY EDWARDS, Appellant, v. WILLIAM OTIS FREEMAN, Respondent.

C. Ray Robinson, Margaret A. Flynn, James A. Cobey and Lucius Powers, Jr., for Appellant.

Dearing, Jertberg & Avery for Respondent.

SCHAUER, J.—Plaintiff appeals from a judgment rendered pursuant to a verdict for defendant in an action for personal injuries. The injuries resulted from a collision between a pickup truck driven by defendant and an automobile which was owned and driven by plaintiff's adult son and in which plaintiff was riding. Conflicting evidence, which need not be summarized, would support a determination that plaintiff's injuries were proximately caused by the negligence either of plaintiff's son or of defendant, or by the simultaneous negligence of both drivers. Plaintiff herself was guilty of no contributory negligence and the jury were so instructed. She contends that the trial court erred to her prejudice by submitting to the jury the question whether plaintiff's son was her agent so that his contributory negligence, if any, would bar her recovery. With this contention we agree.

The evidence relied upon to show agency is as follows: Plaintiff's son, Ray Edwards, testified that on the day before the accident "I just happened by [plaintiff's home, which was about half a mile from the home of Ray], and she asked me would I be dropping into town sometime. She said next time I was going she'd like to go in to have her eyes tested. I told her, 'Well, I'm going in the next morning to have my arm [which was bandaged] undressed.' " Plaintiff testified, "Q. Why were you coming to town? A. I was coming to make an appointment to have my eyes tested to get some eye glasses. Q. When did you determine to do that? A. Oh, I had been intending to do that quite a while. The day before, the day before I came I seen the boy and asked him was he going; when he was aiming to come into town again. I told him whenever he come I wanted to come with him. He says, 'Well, I am going tomorrow.'—to make an appointment for my glasses." On the morning of the accident Ray picked up his mother at her home. Before they reached the city which was their destination, the accident occurred.

To permit a finding of agency upon this evidence would be, in effect, to hold that one who performs a mere favor for another, without being subject to any legal duty of service and without assenting to any right of control, can

be an agent. This is not the law. "Agency is the relationship which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." (Restatement, Agency, § 1.) "The principal must in some manner indicate that the agent is to act for him, and the agent must act or agree to act on his behalf and subject to his control." (*Id.*, comment on subsec. 1.) ▮ In the absence of the essential characteristic of the right of control, there is no true agency and, therefore, no "imputation" of the driver's negligence to the passenger. (*Tousley* v. *Pacific Electric Ry. Co.* (1913), 166 Cal. 457, 462 [137 P. 31]; *Marchetti* v. *Southern Pac. Co.* (1928), 204 Cal. 679, 681 [269 P. 529]; *Thompson* v. *Fitzgerald* (1928), 205 Cal. 563, 568 [271 P. 1072]; *Peri* v. *Los Angeles Junction Ry.* (1943), 22 Cal.2d 111, 127 [137 P.2d 441].) To paraphrase the pertinent language of *Stoddard* v. *Fiske* (1917), 35 Cal.App. 607, 609 [170 P. 663], there was no evidence of any employment of the son by the mother; it is clear that the son undertook what he did in order to be of assistance to his mother and as an act of friendship or filial regard; "The doctrine of *respondeat superior* sought here to be invoked . . . must necessarily be based upon a relationship between two parties by which one has the legal right to direct the activities of the other and the latter the legal duty to submit to such direction." And, as said in the Marchetti case, *supra* (204 Cal., at page 681): "The negligence of the driver of a machine . . . cannot be imputed to a passenger therein in the absence of any evidence showing that the latter exercised some control over the driver or that he possessed the power to supervise or direct the manner in which the automobile should be operated . . ."

A case quite similar to the one at bar is *De Soto* v. *Pacific Electric Ry. Co.* (1920), 49 Cal.App. 285, 286, 288 [193 P. 270]. From the opinion it appears that (p. 286) "plaintiff on the night of the accident was riding in an automobile belonging to her brother-in-law, whom she had requested to convey her, as a matter of friendly accommodation, to a near-by store. She exercised no control over the driver of the machine other than to indicate the place to which she desired to be transported. Under these conditions the journey was made to the store, and it was upon the return therefrom that the accident happened." It was held that as a matter of law (p. 288) "under the relationship shown to exist between the plaintiff and the driver . . . the facts were undisputed and a conclu-

sion irresistibly indicated that no responsibility was fixed upon the appellant [plaintiff] for any act of negligence committed by the driver. . . ." (See, also, *Bryant* v. *Pacific Electric Ry. Co.* (1917), 174 Cal. 737, 739-740 [164 P. 385]; *Irwin* v. *Golden State Auto Tour Corp.* (1918), 178 Cal. 10, 14 [171 P. 1059].)

Defendant relies upon the following cases in support of his contention that the jury could infer an agency relationship from the evidence that plaintiff was riding with her son at her request: *Gates* v. *Pendleton* (1921), 184 Cal. 797, 802 [195 P. 664]; *Maberto* v. *Wolfe* (1930), 106 Cal.App. 202, 206 [289 P. 218]; *Navarro* v. *Somerfeld* (1939), 35 Cal.App.2d 35, 38 [94 P.2d 623]; *Graf* v. *Harvey* (1947), 79 Cal.App.2d 64, 69 [179 P.2d 348]; *Souza* v. *Corti* (1943), 22 Cal.2d 454, 461 [139 P.2d 645, 147 A.L.R. 861]. See, also, *Jacobus* v. *Brero* (1923), 190 Cal. 374, 375 [212 P. 617]; *Henry* v. *Lingsweiler* (1927), 81 Cal.App. 142, 155 [253 P. 357]. These cases are neither controlling nor persuasive on the point to which defendant cites them. In some of them there was evidence from which a right of control could be inferred; in some, the existence of such right as an essential of the agency relation in order to constitute a basis for imputing negligence was not discussed.

■ We are not unmindful that the testimony of plaintiff and her son was contradicted in various respects; among other things, Ray Edwards testified that on the day of the accident, after it occurred, he carried out his purpose "to have my arm undressed" and that the bandage was not replaced, whereas defendant testified that on the day following the accident he saw Ray wearing a bandage on his arm. Defendant argues that the jury could have concluded that the testimony of plaintiff and her son was impeached in part, hence the jury could have disbelieved their testimony that the son had a purpose of his own in driving to the city, and could have inferred that the trip was made at the sole instance and for the sole benefit of plaintiff. But disbelief of portions of the evidence relied upon to show agency cannot cure the lack of essential, affirmative evidence adequate to show that, whatever the principal or even the only reason for the trip, either the plaintiff was actually exercising control over the manner of operation of the car or the relationship of plaintiff and her son was such as to give plaintiff a legally cognizable right to control or command the son in his operation of the machine.

(See *Marovich* v. *Central California T. Co.* (1923), 191 Cal. 295, 304 [216 P. 595].)

█ The jury were instructed, "if you believe from the evidence that the auto trip being made by Mrs. Edwards and her son was being made on the business of Mrs. Edwards, at her instance and request and for her benefit, so that she would have some control over where and how the car was being driven, then Ray Edwards was her agent to the extent that if Ray Edwards was negligent and such negligence contributed proximately to the accident here in question, such negligence may be imputed to her and would prevent her from recovering.

"On the other hand, if Mrs. Edwards went along with Ray Edwards by his permission or invitation, where her trip was as a guest, incidental to Ray's trip, where she had no control nor say-so over where—how they were going nor how the auto was to be driven, there is no agency. There can be no imputation of negligence to her under such circumstances." There was no further explanation of the term "agency." The language of the instruction is easily, if not essentially, misleading in suggesting to the jury that, if the trip was "on the business of Mrs. Edwards," it would follow from that fact that she "would have some control" and therefore Ray "was her agent." The verdict may have resulted from the tenable view of the evidence that defendant was not guilty of negligence proximately causing the collision, or it may have resulted from the also tenable view of the evidence that simultaneous negligence of both drivers caused the collision, coupled with the untenable view of the law, upon this record, that Ray's negligence could be "imputed" to bar plaintiff's recovery. Upon the record here, where the evidence shows no more than a friendly or filial service, gratuitously rendered, it was error to submit the issue of imputed negligence to the jury and the error was clearly prejudicial because the inadequate and confusing instruction on the subject of agency at the least *permitted* the jury to find such a relation (if it be not understood as directly suggesting such a conclusion) from the mere "instance and request" of plaintiff. (See *Huebotter* v. *Follett* (1946), 27 Cal.2d 765, 770-771 [167 P.2d 193].)

For the reasons above stated, the judgment is reversed and the cause remanded for a new trial.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., and Spence, J., concurred.