**BROWN, et al.**

v.

**NFL PLAYERS ASSOCIATION, et al.**

**No. ED CV 11–01953–RGK (FFMx).**

United States District Court,
C.D. California.

March 29, 2012.

**440**

Not Present, for Plaintiffs.

Not Present, for Defendants.

**Proceedings: (IN CHAMBERS) Order Re: Plaintiffs' Motion for Class Certification (DE 24)**

R. GARY KLAUSNER, District Judge.

## I. *INTRODUCTION*

On December 9, 2011, Ronald Brown ("Brown"), Charles Detwiler ("Detwiler"), and Dwight Hicks ("Hicks") (collectively "Plaintiffs") filed a Complaint against the National Football League Players Association ("NFLPA") and the National Football League Players Incorporated d/b/a NFL Players ("NFL Players") (collectively "Defendants") for breach of fiduciary duty and an accounting. On January 31, 2012, Plaintiffs filed their Motion for Class Certification ("Motion") pursuant to Federal Rule of Civil Procedure ("Rule") 23.

For the following reasons, the Court **DENIES** Plaintiff's Motion.

## II. *FACTUAL BACKGROUND*

The current action has its roots in two prior, similar cases.

In 2007, Herbert Adderley filed a complaint on behalf of retired National Football League ("NFL") players against the NFLPA and NFL Players, alleging breach of contract and breach of fiduciary duty (the "Adderley Action"). *See Adderley v. Nat'l Football League Players Ass'n,* No. C 07–00943 WHA (N.D.Cal.). In that case, the district court certified a class of retired players (the "Ad-

derley Class") who had signed a group licensing authorization form ("GLA"), granting the NFLPA the right to license the retired players' names and likenesses in exchange for royalty revenue.

In April 2011, counsel for Plaintiffs filed a related case in this Court entitled *Grant v. Nat'l Football League Players Ass'n,* No. CV 11–03118 RGK (FFMx) (the "Grant Action"). In the still-pending Grant Action, plaintiffs allege breach of fiduciary duty and demand an accounting. The parties stipulated to allow the Grant plaintiffs to file a late motion for class certification, but the Court denied the stipulation. Therefore, the Grant Action is now proceeding as an individual action. Counsel in the Grant Action are also the proposed class counsel in the current action.

In the current action, Plaintiffs are former NFL players who purport to represent a class of former players not included in the Adderley Class. Plaintiffs seek to certify the following class: "[A]ll those retired NFL players who are members of the NFLPA and who did not sign GLAs that contain the language certified by the Court in the Adderley Action or were otherwise not included in the Adderley Class." (Compl. ¶ 39.) Plaintiffs also purport to limit class claims to the past four years. (Pls.' Mot. 2.)

In their Complaint, Plaintiffs allege the existence of agency relationships between Defendants and the proposed class members. Defendants allegedly breached their fiduciary duties arising from these agency relationships when Defendants failed to market and license player names and likenesses on behalf of the proposed class and failed to distribute royalty revenue to the proposed class.

## III. *JUDICIAL STANDARD*

■ A court may certify a class only if a plaintiff meets all the prerequisites of Federal Rule of Civil Procedure 23(a) and at least one of the requirements of Rule 23(b). *See* Fed.R.Civ.P. 23; *Mazza v. Am. Honda Motor Co.,* 666 F.3d 581, 588–89 (9th Cir.2012). The plaintiff has the burden of showing that the Rule 23(a) and Rule 23(b) requirements are met. *Zinser v. Accufix Res. Inst., Inc.,* 253 F.3d 1180, 1186 (9th Cir.2001).

Rule 23(a) requires that (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately represent the interests of the class. Fed.R.Civ.P. 23(a).

A plaintiff must also satisfy one of the following requirements of Rule 23(b): (1) the prosecution of separate actions would create risk of (a) inconsistent or varying adjudications, or (b) individual adjudications dispositive of the interests of other members not a party to those adjudications; (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class; or (3) the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R.Civ.P. 23(b).

■ "Frequently[,] [the] 'rigorous analysis' [of Rule 23] will entail some overlap with the merits of the plaintiff's underlying claim." *Wal–Mart Stores, Inc. v. Dukes,* — U.S. —, 131 S.Ct. 2541, 2551, 180 L.Ed.2d 374 (2011). In examining that "overlap," a court may "afford the litigants an opportunity to present evidence as to whether a class action [is] maintainable." *Vinole v. Countrywide Home Loans, Inc.,* 571 F.3d 935, 942 (9th Cir.2009) (citations and internal quotation marks omitted). However, "[a]lthough some inquiry into the substance of a case may be necessary ... it is improper to advance a decision on the merits to the class certification stage." *Staton v. Boeing Co.,* 327 F.3d 938, 954 (9th Cir.2003) (citations and internal quotation marks omitted).

## IV. *DISCUSSION*

Plaintiffs argue that the Court should certify their proposed class because they satisfy all four requirements of Rule 23(a) and the requirements of Rule 23(b)(3). For the following reasons, the Court disagrees.

### A. *Identifiable and Ascertainable Class*

As a threshold matter, Plaintiffs argue that their class definition sets forth an identifiable and ascertainable class. The Court agrees.

■ Although not specifically mentioned in Rule 23(a), a plaintiff's class definition must set forth a class that is identifiable and ascertainable. *Thomas & Thomas Rodmakers, Inc. v. Newport Adhesives & Composites, Inc.,* 209 F.R.D. 159, 163 (C.D.Cal.2002). A class is identifiable and ascertainable if it is "administratively feasible for the court to ascertain whether an individual is a member." *O'Connor v. Boeing N. Am., Inc.,* 184 F.R.D. 311, 319 (C.D.Cal.1998).

Here, Plaintiffs seek to certify a class consisting of "all those retired NFL players who are members of the NFLPA and who did not sign GLAs that contain the language certified by the Court in the Adderley Action or were otherwise not included in the Adderley Class." (Compl. ¶ 39.)

■ Plaintiffs' proposed class has finite parameters. If NFLPA membership depends on payment of dues, then only those dues-paying members listed in NFLPA records will comprise Plaintiffs' proposed class. Alternatively, if NFLPA membership depends solely on having once played in the NFL, then the retired players who comprise this group can be ascertained through league and team records.

Therefore, Plaintiffs' class definition sets forth an identifiable and ascertainable class.

### B. *Rule 23(a)*

A plaintiff seeking class certification must establish each of the four requirements of Rule 23(a), which are often referred to as (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1019 (9th Cir.1998). Defendants do not challenge whether Plaintiffs have satisfied the numerosity and commonality requirements. The Court finds that Plaintiffs have established typicality and adequacy of representation.

### 1. *Typicality*

Typicality requires that "representative claims . . . [be] reasonably coextensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. "[A] plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir.1992) (internal quotations and citation omitted). Finally, Rule 23(a)(3) requires that named plaintiffs be members of the class they purport to represent. *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 156, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982).

Here, Plaintiffs have satisfied the typicality requirement of Rule 23(a)(3). Defendants contend that Brown's and Hicks's claims are atypical because they were not NFLPA members during the proposed class period; therefore, they cannot be members of the proposed class. Regardless of Brown's or Hicks's status as NFLPA members, Defendants do not contend that Detwiler is not a member of the proposed class or that his claims are atypical. *See, e.g., Smith v. Cardinal Logistics Mgmt. Corp.*, No. 07-2104 SC, 2008 WL 4156364 at *6 (N.D.Cal. Sept. 5, 2008) (finding that plaintiffs satisfied Rule 23(a)(3) when two out of three named plaintiffs were typical of the class).

Because Detwiler's claims are typical of the proposed class, the Court finds that Plaintiffs have satisfied the typicality requirement of Rule 23(a)(3).

### 2. *Adequacy of Representation*

Rule 23(a)(4) requires that the named plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs satisfy the adequacy prerequisite if the named plaintiffs and their counsel (1) will prosecute the action vigorously on behalf of the class and (2) do not have conflicts of interest with other class members. *Hanlon*, 150 F.3d at 1020. As long as one of the named plaintiffs is an adequate representative, the adequacy requirement is satisfied. *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 961 (9th Cir.2009).

### a. *Counsel Can Adequately Represent the Proposed Class*

Defendants argue that class counsel is incompetent because they failed to timely file a motion for class certification in the Grant Action. This argument is unavailing. The Court finds that the record in the Grant Action lacks sufficient evidence to show that counsel failed to act competently. In the current action, class counsel timely filed their Motion, coordinated ongoing discovery with Defendants' counsel, defended the depositions of all three named Plaintiffs, and retained a damages expert. Defendants do not otherwise dispute the proposed class counsel's ability to conduct the current litigation. Therefore, the Court finds that the proposed class counsel are competent.

Moreover, proposed class counsel do not have conflicts of interest that would prevent them from adequately representing the class. Although class counsel concurrently represent the Grant plaintiffs, the Grant plaintiffs and the current Plaintiffs allege substantially similar claims and damages theories. As a result, the two groups of plaintiffs do not have "antagonistic interests" that would create an irreconcilable conflict for class counsel. *Keilholtz v. Lennox Hearth Prods., Inc.*, 268 F.R.D. 330, 338 (N.D.Cal.2010).

Therefore, the Court finds that class counsel can adequately represent the proposed class.

### b. *Plaintiffs Can Adequately Represent the Class*

Plaintiffs have established that at least one of the named Plaintiffs, Detwiler, can adequately represent the class. Contrary to Defendants' assertions, Detwiler's relative lack of celebrity does not cause his damages claim to conflict with the claims of absent class members. In their Complaint, Plaintiffs do not allege that Defendants failed to honor individual licensing agreements, where the players' relative celebrity would likely affect how much Defendants owed each retired NFLPA member. Instead, Plaintiffs allege that Defendants failed to license the group of retired NFLPA members in the

proposed class and to distribute group licensing revenue to them.

Defendants argue that Detwiler harbors animus towards Defendants based on his statements that retired players "have been treated like a piece of machinery over the years" and "[l]awsuits will certainly expose what [the NFLPA] have done." (Defs.' Opp. 20.) However, Defendants cannot show that any animus Detwiler may have would render him inadequate to represent the proposed class. When evaluating adequacy of representation, courts in this Circuit consider whether a named plaintiff's vindictiveness or animus would preclude the possibility of a suitable class settlement. *Kayes v. Pac. Lumber Co.*, 51 F.3d 1449, 1464 (9th Cir. 1995). Defendants attempt to analogize Detwiler's statements to Bernard Parrish's extreme statements, which rendered Parrish inadequate to represent the Adderley Class. (Defs.' Opp. 20.) This analogy is unavailing. In the Adderley Action, Parrish explicitly compared NFLPA President Gene Upshaw to Hitler, Stalin, and other tyrants, and made racially charged comments about the NFLPA and Upshaw. *Adderley v. Nat'l Football League Players Ass'n*, No. C 07–00943 WHA, 2008 WL 1925208 at *8 (C.D.Cal. Apr. 29, 2008). Parrish also explicitly stated that he would refuse any settlement offer. *Id.* Here, Defendants present no evidence that Detwiler has a vendetta against Defendants or that he would be unwilling to approve a reasonable settlement on behalf of the proposed class.

Therefore, the Court finds that Detwiler can adequately represent the interests of the proposed class.

### C. *Rule 23(b)(3)*

Plaintiffs argue that the Court should certify the proposed class pursuant to Rule 23(b)(3) because (a) common issues predominate over individual issues and (b) a class-wide resolution of the issues would be ideal for all the parties. Defendants do not contest the second prong of Rule 23(b)(3). The Court finds that Plaintiffs fail to satisfy the predominance requirement of Rule 23(b)(3).

A court may certify a class action under Rule 23(b)(3) if it "finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed.R.Civ.P. 23(b)(3). The predominance inquiry tests "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). Class actions are justified when a single adjudication can resolve for all class members common questions that are a significant aspect of a case. *Hanlon*, 150 F.3d at 1022. The "main concern in the predominance inquiry ... [is] the balance between individual and common issues." *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 571 F.3d 953, 959 (9th Cir.2009).

The Court finds that Plaintiffs have not established that common issues predominate over individualized issues with respect to Plaintiffs' alleged agency relationships. Generally, whether an agency relationship exists between two parties is a question of fact. *Ward v. Mgmt. Analysis Co. Emp. Disability Ben. Plan*, 135 F.3d 1276, 1284 (9th Cir.1998), *rev'd on other grounds, UNUM Life Ins. Co. of Am. v. Ward*, 526 U.S. 358, 119 S.Ct. 1380, 143 L.Ed.2d 462 (1999). Parties may call their relationship an agency relationship, but this label is not dispositive. Restatement (Third) of Agency (2005) § 1.02 cmt. a; *see also E. & J. Gallo Winery v. EnCana Energy Servs., Inc.*, No. CV F 03–5412 AWI LJO, 2008 WL 2220396 at *6 (E.D.Cal. May 27, 2008). An agency relationship results when (1) the principal manifests consent to the agent that the agent shall act on the principal's behalf (2) subject to the principal's control, and (3) the agent consents to so act. *Edwards v. Freeman*, 34 Cal.2d 589, 592, 212 P.2d 883 (1949) (citing Restatement (First) of Agency (1933) § 1). Both principal and agent must create the relationship through their words or conduct. *Ins. Co. of N. Am. v. Hanks, Conard & Sons, Inc.*, 250 Cal. App.2d 156, 163, 58 Cal.Rptr. 190 (1967). Agency may also be imputed under the theo-

ry of agency by estoppel. "[A] principal may be estopped from denying apparent authority if (1) the principal's intentional or negligent acts [or omissions] created an appearance of authority in the agent, (2) on which a third party reasonably and in good faith relied, and (3) such reliance resulted in a detrimental change in position on the part of the third party." *Minskoff v. Am. Express Travel Related Servs. Co.*, 98 F.3d 703, 708 (2d Cir.1996) (citing Restatement (Second) of Agency (1958) § 8B).

Here, Plaintiffs allege that Defendants breached fiduciary duties arising from express or implied agency relationships. Plaintiffs allege the existence of such agency relationships even in the absence of a written contract such as a GLA. Although Plaintiffs allege that NFLPA membership "in and of itself, establishes the agency relationship that is the foundation of Plaintiffs' breach of fiduciary duty claims[,]" the Court finds that this assertion is not dispositive of the issue. (Pls.' Reply 3.)

Determining whether an agency relationship actually exists for each class member would require an individualized analysis. The Court would need to inquire into each retired player's manifestation of consent for Defendants to act on his behalf. These manifestations of consent will necessarily vary from individual to individual. Therefore, the existence of such agency relationships is not susceptible to common proof. An agency by estoppel theory would also require individualized proof. For each retired player, the Court would need to determine whether his actions created the appearance of an agency relationship with Defendants and whether any third parties detrimentally relied on such apparent agency.

Because of the need for individual analysis into each class member's agency relationship with Defendants, individual issues predominate over common ones.[1] As a result, the Court finds that Plaintiffs fail to satisfy the predominance requirement of Rule 23(b)(3). Moreover, because Plaintiffs fail to satisfy the predominance requirement, the Court finds that a class action would not be superior to other methods for fairly and adjudicating the controversy.

## V. CONCLUSION

In light of the foregoing, the Court **DENIES** Plaintiffs' Motion.

**IT IS SO ORDERED.**

---

1. The Court notes that Plaintiffs argue in their Reply for the certification of a subclass of retired players who signed GLAs but were excluded from the Adderley Class. However, arguments raised for the first time in a reply are waived. *United States v. Patterson*, 230 F.3d 1168, 1172 n. 3 (9th Cir.2000). Even if the Court were to consider arguments relating to this putative subclass, it appears that the named Plaintiffs would no longer satisfy Rule 23(a) and class certification would be inappropriate. Brown, Hicks, and Detwiler never signed GLAs, and thus their claims would not be typical of this subclass. Nor could they adequately represent this subclass.