**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

MAR 28 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BOB GRANT; DR. CLINTON JONES; WALTER ROBERTS, III; MARVIN COBB; BERNARD PARRISH, on behalf of themselves and all others similarly situated, | Nos. 12-56154, 12-56240 |
| | D.C. No. 2:11-CV-03118-RGK-FFM |
| Plaintiffs - Appellants - Cross-Appellees, | |
| v. | MEMORANDUM[*] |
| NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION, a Virginia corporation; NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED, a Virginia corporation, DBA NFL Players, | |
| Defendants - Appellees - Cross-Appellants. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted March 4, 2014
UCLA, Los Angeles, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| | |
|---|---|
| RONALD BROWN; CHARLES DETWILER; DWIGHT HICKS, on behalf of themselves and all others similarly situated, | Nos. 12-56843, 12-56912<br><br>D.C. No. 5:11-CV-01953-RGK-FFM |
| Plaintiffs - Appellants - Cross-Appellees, | |
| v. | |
| NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION, a Virginia corporation; NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED, a Virginia corporation, NFL Players, | |
| Defendants - Appellees - Cross-Appellants. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted March 4, 2014
UCLA, Los Angeles, California

Before: KOZINSKI, Chief Judge, and D.W. NELSON and WARDLAW, Circuit Judges.

Bob Grant, Dr. Clinton Jones, Walter Roberts III, Marvin Cobb, and Bernard Parrish (collectively "Grant") appeal the district court's entry of summary judgment in favor of the National Football League Players Association and National Football League Players Incorporated (collectively "NFLPA"). The

NFLPA cross-appeals the district court's denial of its motion to dismiss. We affirm the grant of summary judgment in the NFLPA's favor in appeal No. 12-56154 and dismiss the NFLPA's cross-appeal, No. 12-56240, as moot. The parties in a companion case, *Brown v. NFLPA*, stipulated that an affirmance in *Grant* resolves *Brown* in favor of the NFLPA, so we dismiss the appeal of the district court's denial of class certification, No. 12-56843, and the cross-appeal, No. 12-56912, in that case as moot.

1. Grant first argues that the NFLPA owes retired players a fiduciary duty arising from statements made by NFLPA officials. Grant conceded at oral argument that this theory was not presented to the district court, and we conclude that Grant waived this argument because it was not "raised sufficiently for the trial court to rule on it." *In re E.R. Fegert, Inc.*, 887 F.2d 955, 957 (9th Cir. 1989).

2. Grant next argues that the district court erred by finding a lack of evidence supporting an agency relationship and granting summary judgment in the NFLPA's favor on that basis. Grant argues that membership in the NFLPA created an agency relationship between retired players and the NFLPA. "Agency is the relationship which results from the [1] manifestation of consent by one person to another that the other shall act on his behalf and [2] subject to his control, and [3] consent by the other so to act." *Edwards v. Freeman*, 212 P.2d 883, 884 (Cal.

3

1949) (quoting Restatement (First) of Agency § 1 (1933)). The existence of an agency relationship is a question of fact, and may only be resolved on summary judgment when "the essential facts are not in conflict and the evidence is susceptible to a single inference." *Van't Rood v. County of Santa Clara*, 113 Cal. App. 4th 549, 562 (2003) (quoting *Emery v. Visa Internat. Serv. Ass'n*, 95 Cal. App. 4th 952, 960 (2002)).

Grant argues that membership in the NFLPA was a sufficient manifestation of consent to create an agency relationship between retired players and the NFLPA. Grant, Parrish, and Roberts conceded at oral argument that they were not NFLPA members during the period covered by this lawsuit because they neither paid dues nor received formal dues waivers, and we affirm the district court's grant of judgment in favor of the NFLPA on their claims.

Moreover, none of the appellants, including Cobb and Jones, produced evidence showing that they had a right to control the NFLPA's alleged activities on their behalf, and we affirm on this ground as well. "A person does not become the agent of another simply by offering help," and there is no evidence in the record that the NFLPA did anything more. *Violette v. Shoup*, 16 Cal. App. 4th 611, 620 (1993).

The NFLPA is awarded its costs.

Appeal No. 12-56154 is **AFFIRMED**, and appeals Nos. 12-56240, 12-56843, 12-56912 are **DISMISSED** as moot.