NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 31 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CZ SERVICES, INC., DBA Carezone Pharmacy; CAREZONE PHARMACY, LLC, | No. 22-16504 |
| | D.C. No. 3:19-cv-04453-JD |
| Plaintiffs-Appellants, | |
| v. | MEMORANDUM* |
| ANTHEM INSURANCE COMPANIES, INC.; PREMERA BLUE CROSS; BLUE CROSS AND BLUE SHIELD OF KANSAS CITY, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Argued and Submitted August 15, 2023
Anchorage, Alaska

Before: MURGUIA, Chief Judge, and PAEZ and NGUYEN, Circuit Judges.

CZ Services, Inc. and CareZone Pharmacy, LLC (collectively, the

"Pharmacies") appeal the district court's order dismissing this action for lack of

personal jurisdiction over Anthem Insurances Companies, Inc., Blue Cross and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Blue Shield of Kansas City, and Premera Blue Cross (collectively, the "Insurers") in the Northern District of California for violating California and Tennessee laws when Express Scripts, Inc. ("Express Scripts"), the Insurers' pharmacy benefit manager, terminated the Pharmacies from its pharmacy network. We have appellate jurisdiction under 28 U.S.C § 1291. We review dismissal for lack of personal jurisdiction de novo and factual findings that underlie the jurisdictional determination for clear error. *Freestream Aircraft (Berm.) Ltd. v. Aero L. Grp.*, 905 F.3d 597, 602 (9th Cir. 2018). We affirm.

State law determines the bounds of personal jurisdiction, and California's long-arm statute allows courts to exercise personal jurisdiction to the full extent permissible under the U.S. Constitution. *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). Accordingly, this court "inquire[s] whether [the exercise of personal jurisdiction] comports with the limits imposed by federal due process." *Id.*

For a court to exercise jurisdiction over a non-resident defendant, the defendant must "have certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015, 1022 (9th Cir. 2017) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). For a court to have specific jurisdiction over a defendant, two requirements must be satisfied: (1) the defendant must take "some act by which it purposefully avails itself of the

privilege of conducting activities within the forum State" and (2) the plaintiff's claims "must arise out of or relate to the defendant's contacts with the forum." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024–25 (2021) (cleaned up).  At issue is the second requirement.  "Arise out of" requires "causation," while "relate to" "contemplates that some relationships will support jurisdiction without a causal showing." *Id.* at 1026.  However, this "does not mean anything goes" as it concerns "relate to." *Id.*  "Relate to" continues to "incorporate[] real limits, as it must adequately protect defendants foreign to a forum." *Id.*

The injury the Pharmacies complain of—being terminated from Express Scripts' pharmacy benefits network—is too attenuated to the Insurers' contacts with California to maintain personal jurisdiction.  Although the Insurers insure many members residing in California who the Pharmacies allege may have been affected by the termination, those contacts are related to the Insurers' contacts with its members, not to the Insurers' contacts with Express Scripts or with the Pharmacies themselves.  These attenuated contacts do not meet the required "close connection" necessary to find specific jurisdiction. *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 506 (9th Cir. 2023).

Additionally, we reject the Pharmacies' argument that their claims "arise out of or relate to" the Insurers' conduct in California because Express Scripts acted as

3

the Insurers' agent. "Agency is the fiduciary relationship that arises when [a principal] manifests assent to [an agent] that the agent shall act on the principal's behalf and subject to the principal's conduct, and the agent manifests assent or otherwise consents so to act." *Am. Airlines, Inc. v. Mawhinney*, 904 F.3d 1114, 1124 (9th Cir. 2018) (quoting Restatement (Third) Of Agency § 1.01 (2006)). "To establish an agency relationship, '[t]he principal must in some manner indicate that the agent is to act for him, and the agent must act or agree to act on his behalf and subject to his control.'" *Id.* (quoting *Edwards v. Freeman*, 212 P.2d 883, 884 (Cal. 1949)).

To establish an agency relationship, the Pharmacies point to provisions in the Insurers' agreements with Express Scripts that allow Express Scripts to maintain and monitor networks on the Insurers' behalf, give the Insurers' limited ability to request pharmacies be added to or terminated from the network, or require written approval before Express Scripts makes material changes to the network. However, none of the contractual provisions that the Pharmacies rely on show that the Insurers had "the right to substantially control" Express Scripts' activities. *Williams*, 851 F.3d at 1025. Because Express Scripts was not acting as an agent of the Insurers when it terminated the Pharmacies from its network, there is no jurisdiction over the Insurers based on any agency relationship.

**AFFIRMED.**

4